S. & J. Brewster *vs.* Silence.

A guaranty of the payment of the note of another, made cotemporaneously with the note and for a good and valuable consideration in fact, is not valid and binding, within the statute of frauds, unless a consideration is *expressed* in it. Welles, J. dissented.

A guaranty, indorsed upon a promissory note, immediately after the making thereof, and before its delivery, is no part of the note, but is a separate and distinct undertaking, although made for the same object as the note.

This was an action upon the guaranty of a promissory note. The note and guaranty were as follows:

"$140,00. By the first day of November next, I promise to pay to the order of John Thompson, at the Rochester City Bank, one hundred and forty dollars—value rece'd. with use.

Geo. Silence.

Rochester, April 18, 1848."

"I hereby guarantee the payment of the above note.

F. Silence."

The cause was tried at the Monroe circuit in October, 1849, before the Hon. Thomas A. Johnson. The jury found a special verdict, by which the execution of the note was ascertained; and that at the same time the note was made, the defendant signed the guaranty indorsed thereon; that the consideration of the note was a pair of horses, sold to Silence by the payee of the note, and that a condition of the sale to him was, that the note should be guarantied by the defendant; and that the sale was not consummated until after the execution of the guaranty. That after the execution of the note and guaranty the horses were delivered by the payee to Silence, and at the same time he delivered to the payee the note and guaranty. Upon this verdict the justice who tried the cause ordered judgment for the defendant, and the plaintiffs appealed to the general term.

*Paine & Cochrane,* for the plaintiffs.

*C. H. Clark,* for the defendant.

JOHNSON, J. The guaranty upon which this suit is brought, was made and indorsed by the defendant upon the note, immediately after the making thereof, and before its delivery. There can be no doubt in this case, that the sale and delivery of the horses by the payee of the note, upon receiving the note and guaranty, was mainly upon the faith of the guaranty. That formed the principal foundation of the credit. The case therefore presents the precise question whether a guaranty of the payment of the note of another, made cotemporaneously with the note and for a good and valuable consideration in fact, is valid and binding, within the statute of frauds, where no consideration is expressed in it. The horses were sold and delivered to the maker of the note. The plaintiff's counsel contends that the note and guaranty being made at one time, and for the same object, that is, to enable the maker of the note to purchase the horses, they form but one instrument; that the guaranty is part and parcel of the note. I am of opinion, however, that the guaranty is no part of the note. It is a separate and distinct undertaking. The note is an absolute unconditional promise to pay the amount named. The guaranty is only a promise to pay on condition that the maker fails to do so, according to his undertaking. No action could have been maintained against the maker and the defendant jointly. This contract of guaranty is as well understood and as accurately defined as that of indorsement, or any other known to the law. That the making of it at the same time with the note upon which it is indorsed, does not alter its character and make it a different undertaking from what it purports on its face to be, is now pretty well settled. (*Hall* v. *Farmer*, 5 *Denio*, 484; *S. C.* 2 *Comst.* 553.) It is clearly then a special promise to answer for the debt, default or miscarriage of another. Such being the character of the undertaking and no consideration being expressed, can it be enforced by an action? I apprehend not. If the statute had provided that an agreement of this character should be void unless founded upon a good consideration, there would be no difficulty in maintaining the action upon this guaranty. But

the statute declares explicitly that the consideration shall be *expressed* in the agreement, or it shall be void.

It is perfectly immaterial what the consideration is in fact: unless it appears upon the face of the agreement, the statute makes it *ipso facto* void, and the court has no power to declare it good. It can not, without a gross and palpable usurpation of power, absolve parties from the plain requirements of the statute. The statute has prescribed the kind of evidence which shall give force and vitality to these agreements, and we can not dispense with it and substitute some other. The consideration must be expressed in the agreement itself and not in some other agreement to which it is collateral.

The payee of the note doubtless contracted for it with the understanding that there should be a valid guaranty upon it by the defendant, and parted with his property supposing he had such. But it was his folly or his misfortune to part with his property and accept a promise which the law will not aid him to enforce. It is far better that he should lose his property and these plaintiffs their debt, than that the court should undertake to relieve parties from the consequences of their mistakes or follies, by perverting the law of the land. It is of no consequence that the defendant took security to indemnify him against his supposed liability. That does not aid the contract. The statute still remains in force, declaring it void. The action is upon the guaranty, and if that is void the action must fail.

I have not attempted to go over the numerous and somewhat conflicting cases upon this vexed question. This case presents a naked point which has never been fairly met and decided since the revised statutes went into effect. Our courts seem to have struggled hard to evade it and pass by on some other side. I regard the statute as plain and imperative, and I confess I feel much more inclined to yield to its authority than to any array of opinions or dicta which have sought to evade and nullify it, to save hard cases and prevent or remedy some particular act of injustice.

I am of opinion that the judgment of the special term should be affirmed.

SELDEN, J. concurred.

WELLES, J. dissented.

Judgment affirmed.

[MONROE GENERAL TERM, June 3, 1851. *Welles, Selden* and *Johnson,* Justices.]