## SACKETT vs. PALMER.

An instrument, by which an individual, ninety days after the dissolution of the copartnership between C. & P., and the settling of the books of the said firm, promises in behalf of P., to pay to C. $550, the interest to be paid annually by P., is not a promissory note; it being payable after the happening of two events, one of which—viz. the settling of the books—may never happen.

Such an instrument is an agreement; and if it appears that it was made for the express purpose of securing to C. the payment of P.'s share of the partnership capital, which had been advanced by C., it is an agreement to answer for the debt, default, or miscarriage of another, and is therefore void by the statute of frauds, as it expresses no consideration.

THIS action was brought upon an instrument in the following words :

"$550.   Ninety days after the dissolution of the copartnership between Nelson Chapin, of the party of the first part, in said copartnership, and J. F. Palmer, of the party of the second part in said copartnership, and the settling of the books of the said firm, I, in behalf of the party of the second part, promise to pay to the said Nelson Chapin, of the party of the first part, five hundred and fifty dollars ; the interest to be paid annually by the aforesaid J. F. Palmer, of the party of the second part, in the aforesaid copartnership.   (Signed)   NELSON PALMER."

The complaint alleged that on or about the first day of May, 1854, Nelson Chapin and Josiah F. Palmer formed a partnership in mercantile business, to be carried on in the city of Auburn ; and Chapin furnished a sum of money to be used in the trade and business of the copartnership ; but Palmer did not furnish any money for the use of the said copartnership, but in the place and stead thereof, the defendant, at the instance of the said Josiah F. Palmer, and with the consent of the said Nelson Chapin, and in consideration that the said Josiah F. Palmer had not furnished any cash capital to be used in their said partnership business, and as inducement to said copartnership, on or about the said 1st day of May, 1854, made, executed and delivered to the said Nelson Chapin the instrument sued on.   That the copartnership between Chapin and Palmer was dissolved by the mutual consent of both of the partners, on or about the 25th day of March, 1856, and that the books of the said firm were

settled on or before the 19th day of June, 1856, whereby the defendant became obliged to pay the sum of money mentioned in said note, or agreement, according to the terms and conditions thereof. And the plaintiff stated that the interest on said note, or agreement, was paid thereon by said J. F. Palmer for one year, which was the only sum that had been paid thereon. The plaintiff further stated, that on the 25th day of March, 1856, Nelson Chapin, for a valuable consideration, assigned, transferred and set over unto the plaintiff all his right, title and interest of, in and to the said note, or agreement; and that he, the plaintiff, was the lawful holder and owner thereof. The plaintiff claimed to recover the sum of $550, with interest and costs. The answer contained a general denial of the allegations in the complaint, and insisted that the instrument sued on was an undertaking to answer for the debt, default or miscarriage of another, and was void, for the want of a consideration expressed therein.

A verdict was taken for the plaintiff, for the sum claimed, subject to the opinion of the court.

*Allen & Beardsley*, for the plaintiff. I. The instrument in question, given by the defendant to Nelson Chapin, is a promissory note within the statute, and imports a consideration. It is a promise to pay a sum certain, and the payment is not to depend upon any uncertainty or contingency. (1 *R. S.* 768, § 1. *Goshen Turnpike Co.* v. *Hurtin*, 9 *John. R.* 217. *Stevens* v. *Blunt*, 7 *Mass. R.* 240.)

II. If the instrument is not a promissory note, but a common law contract; the fact that it does not express a consideration, furnishes no objection to its validity, as parol evidence is admissible to show the actual consideration; and in this case we proved a good consideration. (*Barnes* v. *Perine*, 15 *Barb*. 249, *and cases cited*.)

III. The contract is not within the statute of frauds; it is not "an agreement to answer for the debt, default or miscarriage of another." It was an original, absolute promise, to pay Chapin the sum therein mentioned; the credit was given entirely to the

defendant, and he was the only debtor for that sum. (*Chase* v. *Day*, 17 *John*. 114. *Farley* v. *Cleveland*, 4 *Cowen*, 432, *and cases cited*. *Kingsley* v. *Balcome*, 4 *Barb*. 136. *Chapin* v. *Merrill*, 4 *Wend*. 657.)

*Underwood, Cox & Avery*, for the defendant. I. The instrument is not a *promissory note;* because it is payable upon a combination of two contingencies; one of which *may never happen*. Upon this contingency the promise rests. (1 *Parsons on Cont*. 210, *and cases cited, note m*. *Chit. on Bills*, 10*th ed*.) 134, *and cases*. *Palmer* v. *Pratt*, 2 *Bing*. 185. *Story on Pr. Notes*, § 1. *Goshen Turnpike Co*. v. *Hurtin*, 9 *John*. 217. *Cook* v. *Satterlee*, 6 *Cowen*, 108.)

II. It is *an agreement* to pay money *in behalf of another;* and being without consideration expressed, is void. (2 *R. S*. 4*th ed*. 317, § 2. *Wain* v. *Warlters*, 5 *East*, 10. *Egerton* v. *Matthews*, 6 *id*. 307. *Durham* v. *Manrow*, 2 *Comst*. 533. *Larson* v. *Wyman*, 14 *Wend*. 246. *Saunders* v. *Wakefield*, 4 *Barn. & Ald*. 596. *Chit. on Cont*. 517, *and cases cited*. *Bennett* v. *Pratt*, 4 *Denio*, 275. *Packer* v. *Wilson*, 15 *Wend*. 343. *Smith* v. *Ives, Id*. 182. *Gallager* v. *Brunel*, 6 *Cowen*, 346.)

III. And the parol evidence to supply a consideration was *inadmissible*. It was taken subject to the defendant's objection. (*Chitty on Contracts*, 99, 108, *and cases*. *Jackson* v. *Sill*, 11 *John*. 201. *Parsons* v. *Miller*, 15 *Wend*. 561. *Northrup* v. *Jackson*, 13 *id*. 85, *and cases*.)

*By the Court*, JOHNSON, J. The instrument on which the action is brought is not a promissory note. It is payable ninety days after the happening of two events, one of which may never happen. The general rule is, that an instrument payable only in money, is not a promissory note, unless it is payable at all events, not depending on any contingency. Though if the event on which the instrument is to become payable, must inevitably happen, it is no objection that it is uncertain when it will happen; nor is it of any importance how long the payment may be

in suspense; it will still be regarded as a promissory note. (*Chit. on Bills,* 8*th Am. from* 8*th Lond. ed.* 155, 156.) It is not shown by the evidence how long the partnership was to continue by the agreement of the partners. It was certain, however, that there would at some time be a dissolution, by the death of one of the partners, if not otherwise. That event was sufficiently certain. But the settling of the books of the firm was an event which might never happen. It would not inevitably happen. It might, and probably would, after a dissolution, in due course of law. But that is not enough : if it might not happen, the instrument is not a promissory note. There is much less certainty here than in the case of *Stevens* v *Blunt,* (7 *Mass. Rep.* 240,) cited by the plaintiff's counsel. The note in that case was payable to the payee or order, "by the 20th of May, or when he completes the building according to contract." The supreme court reversed the judgment of the common pleas, and held that the note was payable absolutely at a day certain. But I agree with the editor of the late edition, Mr. Rand, in his note to this case, that the decision is clearly wrong. The promissor had the right of election to pay at either time specified. And the latter event might never take place.

The instrument is an agreement, and not a promissory note; and it remains to be seen whether it is an agreement to answer for the debt, default or miscarriage of another. On its face it is a promise by the defendant to pay in behalf of J. F. Palmer. And on looking at the plaintiff's evidence, it appears clearly that it was given for the express purpose of securing to the plaintiff's assignors the payment of J. F. Palmer's share of the partnership funds which the former had advanced for him, and which he had agreed to secure. The partnership agreement was made in March, 1854, and the instrument in question was not given until the 15th or 20th of May following, and after the partners had purchased their goods and commenced their partnership business. The assignor testifies expressly that he received the instrument as the security for J. F. Palmer's half of the capital. There can be no doubt, therefore, that it is a promise to answer for the debt, which J. F. Palmer had incurred by the

advance of his half of the capital by his copartner.    This being the character of the agreement, it is void by statute, inasmuch as it expresses no consideration.    (2 *R. S.* 135.)    It is perfectly immaterial what the consideration was in fact.    The statute makes the agreement void if the consideration is not expressed in the writing.    (*Brewster* v. *Silence,* 11 *Barb.* 144 ;    *S. C.* 4 *Selden,* 207.)    The evidence to show a consideration was irrelevant and immaterial.    As it could not modify the statute, it could not help the agreement.    The defendant is therefore entitled to judgment upon the case.

[MONROE GENERAL TERM, September 7, 1857.    *Johnson, Welles* and *T. R. Strong,* Justices.]