CHURCH and others *vs.* BROWN.

A guaranty, indorsed upon an agreement for the sale of goods, and bearing even date therewith, by which a third person promises as follows: "I will be responsible for all such goods as Mr. White shall buy of the Messrs Church, within one year from date, which shall not be paid for according to the terms of the within contract," is void, for the want of a consideration expressed therein.

The decision in *Brewster* v. *Silence,* (11 *Barb.* 144; 4 *Seld.* 207,) reaffirmed, and held to be the existing law; notwithstanding the case of *The Union Bank* v. *Coster's Ex'rs,* (3 *Comst.* 203.)

THIS action was brought upon a guaranty indorsed upon an agreement for the sale of goods by the plaintiffs to Thomas White, in these words: "I will be responsible for all such goods as Mr. White shall buy of the Messrs. Church, within one year from date, which shall not be paid for according to the terms of the within contract.   July 1, 1852.

(Signed)            M. BROWN."

The guaranty bore even date with the principal agreement, and was executed simultaneously therewith.   The action was tried by a referee, who held that the guaranty or agreement of the defendant was a promise to answer for the debt, default or miscarriage of the said White.   And he found, as a conclusion of law, that the said agreement was void because no consideration was expressed therein as required by statute; and that the defendant was entitled to judgment in the usual form, with costs, against the plaintiffs.

From the judgment entered upon the report the plaintiffs appealed.

*G. H. McMaster,* for the plaintiffs.   I. The consideration for the promise of the defendant is expressed in the agreement subscribed by him.   (*Union Bank* v. *Coster's Ex'rs,* 3 *Comst.* 203.   *Gates* v. *McKee,* 3 *Kernan,* 232.   *Draper* v. *Snow,* 6 *Duer,* 665.   *Grant* v. *Hotchkiss,* 26 *Barb.* 63.)

II. The referee erred in deciding that the case of *Brewster* v. *Silence,* (4 *Seld.* 207,) was conclusive against the right of

Church v. Brown.

the plaintiff to recover, and that the case of *Union Bank* v. *Coster's Ex'rs*, (3 *Comst.* 203,) was overruled by, or in conflict with *Brewster* v. *Silence.* The decisions of the courts of this state in relation to the expression of consideration in guaranties are divisible into two classes. 1st. Where the guaranty relates to a simple promissory note. 2d. Where the guaranty relates to other instruments or agreements. The following is a synopsis of the decisions of the courts in relation to guaranties of promissory notes since the revised statutes. In *Parker* v. *Wilson*, (15 *Wend.* 346,) a guaranty of a promissory note not expressing a consideration, made *after* the note became due, was held void. *Smith* v. *Ives*, (*Id.* 182,) is to the same effect. The reasoning of the court is substantially that of *Brewster* v. *Silence.* In *Hough* v. *Gray*, (19 *Wend.* 202,) the court held that a person who guarantied a note *at its inception*, might be treated as a joint maker, and it was therefore not material whether a consideration was expressed. *Luqueer* v. *Prosser*, (1 *Hill*, 256,) was decided in accordance with the case last cited, and approved in the court of errors, (4 *Hill*, 422,) with a slight modification. In the notable case of *Manrow* v. *Durham*, (3 *Hill*, 584,) it was held that a guaranty of a promissory note made *subsequent* to the note, was good as a new note, and it was not material whether a consideration was expressed or not. This case was followed until *Hall* v. *Farmer*, (5 *Denio*, 484,) where the supreme court adopted the doctrine of *Brewster* v. *Silence* in full, viz: That a guaranty of a note, whether contemporaneous with the making of the note or not, was a "special promise," and void unless the consideration was literally expressed. And see this case affirmed, and the doctrine of *Manrow* v. *Durham* overruled, 2 *Comst.* 533 *and* 553. This case was followed in *Spies* v. *Gilmore*, (1 *Comst.* 321,) *Brown* v. *Curtiss*, (2 *id.* 225,) and lastly by *Brewster* v. *Silence*, (4 *Seld.* 214.) The following are the principal cases of the second class, standing in chronological order: *Bailey* v. *Freeman*, 11 *John.* 221.

*Rogers* v. *Kneeland,* 10 *Wend.* 219.   *S. C.* 13 *id.* 115.   *Marquand* v. *Hipper,* 12 *id.* 520.   *Whitney* v. *Groot,* 24 *id,* 82. *Douglass* v. *Howland,* 24 *id.* 36.   *Walrath* v. *Thompson,* 4 *Hill,* 200.  *Benedict* v. *Sherill, Lalor,* 219.  *Smith* v. *Dann,* 6 *Hill,* 543.  *Fellows* v. *Prentiss,* 3 *Denio,* 512.   *Staats* v. *Howlett,* 4 *Denio,* 560.   *Union Bank* v. *Coster,* 3 *Comst.* 203. *Gates* v. *McKee,* 3 *Kern.* 232.   Every one of these cases was decided by a unanimous court ; not one of them is any where expressly doubted or overruled, and they are conclusive authority as to the right of the plaintiffs to recover here, unless they are overruled, by implication, in *Brewster* v. *Silence.*   Surely it is not proper to suppose that the court of appeals would have consciously condemned such a mass of authority, without declaring their intention of doing it.   Not one of the cases last above cited, is even alluded to in *Brewster* v. *Silence.*   The cases commented upon relate to guaranties of promissory notes, and three of the judges who decided *Union Bank* v. *Coster,* decided *Brewster* v. *Silence,* viz. Ruggles, Jewett, Gardiner. *Gates* v. *McKee,* plainly shows that the court had no thought of overruling these cases, in *Brewster* v. *Silence.*  The instrument in that case was a guaranty, as plainly appears from the case and opinion of the court.

III.  It is not claimed that any different rule of construction applies to guaranties of promissory notes, and to other guaranties.   The point decided in *Brewster* v. *Silence,* is that the language of the *note,* furnishes no evidence of what the consideration of the guaranty is ; and the point decided in *Union Bank* v. *Coster,* and that whole class of cases is, that in such agreement as the defendant here has subscribed, the language of the principal and collateral agreement does furnish evidence of the consideration ; and where the consideration is manifest from the language used, there it is *expressed.*

IV.  The weight of authority is too great to leave the doctrine of *Union Bank* v. *Coster* open for discussion.   The maxim *stare decisis,* applies with controlling force here.

*Morris Brown,* defendant, in person. I. The agreement of the defendant on which this action is brought, is a special promise to answer for the debt, default or miscarriage of another person, viz. of Thomas White, named in the principal contract.

II. The agreement does not express, in itself, any consideration, and is therefore void by the statute of frauds. (2 *R. S. p.* 317, *4th ed.*)

III. A collateral guaranty, expressing no consideration in itself, is not upheld by the consideration of the principal contract, though made cotemporaneous therewith, or at any after period. (*Brewster* v. *Silence,* 11 *Barb.* 144; *S. C.* 4 *Seld.* 207. *Glen Cove Mutual Ins. Company* v. *Harold,* 20 *Barb.* 298. *Hall* v. *Farmer,* 2 *Comst.* 553. *Mallory* v. *Gillett,* 23 *Barb.* 617.)

*By the Court,* E. DARWIN SMITH, J. In the case of *Brewster* v. *Silence,* (11 *Barb.* 144,) this court held that when the legislature expressly declared that "*every special promise to answer for the debt, default or miscarriage of another person,* should be void unless such agreement, or some note or memorandum thereof expressing the consideration, be in writing and subscribed by the party to be charged therewith," it must be deemed to have intended precisely what the language used clearly imports, and that a contract of guaranty, in which no consideration was expressed, was void. The same view was reasserted in the case of *Mallory* v. *Gillett,* (23 *Barb.* 600.) The case of *Brewster* v. *Silence* goes further, and holds that it is immaterial that the original contract, (a promissory note in that instance,) whose performance it was intended to secure by the collateral contract sought to be enforced, and such collateral contract, were made at the *same time* and on the *same piece of paper;* and that there was abundant consideration for the original contract.

It was held that the original contract and the guaranty were separate and distinct contracts; and that the latter

could not be sustained by reference to the former by force o the consideration therein expressed. This case was in distinct conflict with the whole series of decisions by which the statute has been sought to be evaded, and guaranties and other collateral contracts to answer for the debt, default or miscarriage by other persons, have been sustained and enforced upon the theory of inferring or spelling out a consideration, or supplying the defect by parol evidence, upon principles of construction contravening the letter and plain intent of the statute that one must be *expressed in* the contract. This case of *Brewster* v. *Silence* was affirmed in the court of appeals, (4 *Seld.* 207,) by a unanimous court; and if there be any virtue in the doctrine of *stare decisis*, it ought to be deemed *settled law*, certainly so far as this district is concerned, and all further attempts of the court to evade, and fritter away or nullify this statute, and introduce uncertainty into the law to the infinite mischief of the public, will receive from us no assistance or countenance. It is true that there is some conflict of decision in the court of appeals, on this point. The case of the *Union Bank* v. *Coster*, (3 *Comst.* 204,) is in its facts in principle just like the case of *Brewster* v. *Silence*, and just like this case; the contract of guaranty having been made *simultaneously* with the original contract and upon the same *piece of paper*. The two cases cannot stand together; but that of *Brewster* v. *Silence* is the later one and must be deemed, I think, to overrule the case of *The Union Bank* v. *Coster*. It is true that Judge Denio, in *Gates* v. *McKee*, (3 *Kern.* 232,) refers to the decision in the case of *The Union Bank* v. *Coster*, as still in full force, but he obviously overlooked the case of *Brewster* v. *Silence*, which at that time, I presume, had not been reported. The case of *Gates* v. *McKee*, besides, turned chiefly upon other questions, and there was no occasion particularly to discuss or consider the question of the statute of frauds. We must therefore hold that the decision in *Brewster* v. *Silence* is still the law, and if there be any confusion or conflict

in the decisions of the court of appeals to that court it must be left to solve the difficulty and reconcile its own decisions.

This case, upon its facts, is clearly undistinguishable from the case of *Brewster* v. *Silence,* as the learned referee, in his very careful and able opinion, has clearly shown ; and we cannot, therefore, do otherwise than abide by that case, and affirm the judgment.

Judgment affirmed.

[CAYUGA GENERAL TERM, June 6, 1859. *T. R. Strong, Johnson* and *Smith,* Justices.]