ELIZABETH A. MITCHELL, EX'RX. OF J. D. MITCHELL, *vs.* ANN M. MITCHELL, ADM.'RX OF JOSEPH T. MITCHELL. *June*, 1841.

Where the defendant called on the witness, and desired to know how he stood with reference to the estate of his uncle, the plaintiff's intestate, and on that occasion, the witness produced and exhibited to the defendant, the several notes of the defendant, constituting the cause of action in the suit, and during the conversation in relation thereto, the defendant told the witness that they were his notes, and that he was indebted on the same, and subsequently thereto, whilst they were conversing about the said notes, but at what time of the day witness does not know or recollect, witness asked the defendant if he had any offsets against said notes, and the defendant replied that he did not know, but would examine his books and papers and let him know. This is sufficient, if believed by the jury to be true, to defeat the bar of the statute of limitations.

And it is not competent in such a case for the defendant to prove by the same witness, "that some time afterwards, he still being the plaintiff's counsel in regard to said notes, that he the witness saw the said defendant, who told him he had examined his books and papers, and had discovered that he had an offset against a part of said claim, and that it consisted of a sum of money which the plaintiff's intestate had received of his, and for his use, as executor of F. J. M's. estate, and which had not been paid over to him, and

desired the witness to allow to him, which he refused to do," for the purpose of qualifying the said previous acknowledgment.

The plaintiff, administratrix of an endorser, may at the trial, fill up the blank endorsement of the defendant, with the name of her intestate, and as payable to him, and upon that proof recover.

Where there is no evidence tending to prove the hypothesis of fact upon which the defendant proposes to rest his defence, the court will not instruct the jury upon the question of law arising from the supposed state of the case.

The surety of a defendant executrix, is not competent to prove the payment of the plaintiff's demand, by the testator of the defendant.

The court will consider an objection to the competency of a witness arising out of a fact unknown at the time of his examination, discovered before the cause was submitted to the jury, and exclude the evidence, if the objection is well founded.

The plaintiff's intestate died in September 1830, in possession of claims due on the first of June of that year, and his administrator did not commence his action until July 1833. *Held*, that under such circumstances, being guilty of a devastavit, arising from delay, so that limitations created a bar, the security of such administrator is not a competent witness to prove a new acknowledgment of the debt in answer to the plea of limitations.

APPEAL from *Charles* County Court.

This was an action of *assumpsit*, brought on 22nd of July 1833, by *Ann M. Mitchell*, administratrix of *Joseph T. Mitchell*, against *James D. Mitchell*. At August term 1836, the plaintiff filed a declaration, to which the defendant pleaded the general issue, and limitations. At August term 1837, the defendant's death was suggested, and at March term 1838, the appellant appeared, and the plaintiff upon leave declared anew, and counted upon two promissory notes of the defendant, payable to the plaintiff's intestate, one for $1,220, payable 8th July 1829, the other for $1,030, payable in six months from date, upon other notes of the defendant, due in June and October 1830, endorsed and assigned to the plaintiff's intestate; also for money lent, advanced, paid, laid out and expended, upon an accounting together. The defendants pleaded as before, the general issue and limitations.

At the trial of the cause, there was a verdict and judgment for the plaintiff, whereupon the defendant moved the court for a new trial, and assigned his grounds therefor. The county court refused to entertain this motion, unless the defendant

·would abandon her exceptions, which being refused, the court declined to entertain the motion.

FIRST EXCEPTION.—The plaintiff, to support the issue on her part joined, on the plea of limitations, and for the purpose of taking the case out of the operation of the statute of limitations, proved to the jury, by the testimony of *William L. Brent, Esq.* one of the plaintiff's counsel, and the brother of the said plaintiff, that some time on or about the month of March 1831, some time after the death of the plaintiff's intestate, *James D. Mitchell,* the defendant's testator, called on the witness at his residence in *Charles* county, and desired to know how he stood with reference to the estate of his uncle, the plaintiff's intestate; and on that occasion the witness produced and exhibited to said *James D. Mitchell,* the several notes, constituting the causes of action in this suit, and during the conversation in relation thereto, the said *James D. Mitchell* told witness that they were his notes, and that he was indebted on the same, and subsequently thereto, whilst they were conversing about the said intestate, at what time of the day witness does not know or recollect, witness asked the said *James D. Mitchell* if he had any offsets against said notes, and the said *James D. Mitchell* replied that he did not know, but would examine his books and papers and would let him know.     The defendant's counsel then offered to prove to the jury by the same witness, that some time afterwards, he still being the plaintiff's counsel in regard to said notes, he saw the said *James D. Mitchell,* who told him that he had examined his books and papers and had discovered that he had an offset against a part of said notes, and that said offset consisted of a sum of money which his uncle, the plaintiff's intestate, had received of his and for his use as executor of *Francis J. Mitchell's* estate, and which he had not paid over to him, and desired witness to allow the same, which witness refused to do.     But at the instance of the plaintiff's counsel the court (STEPHEN, C. J., and KEY, A. J.,) rejected the said evidence so offered by the defendant, as inadmissible to qualify the said acknowledgment, and refused to permit the same to go to the jury, but were of opinion, and

so instructed the jury, that the said acknowledgment could not be qualified or controlled by said subsequent declarations as to the offset, but that said acknowledgment, so as aforesaid given in evidence, was sufficient to defeat the plea of limitations, if found by the jury to be true; to which rejection of said evidence as offered by the defendant's counsel, and to which opinion as given by the jury, the defendant excepted.

SECOND EXCEPTION.—At the trial of this cause, and after the jury had been sworn, and the cause about to be argued to the jury, and before the close of the examination of proof, the plaintiff, to support the issues on her part joined, offered in evidence to the jury the two following notes which were proved to be in the hand-writing of *James D. Mitchell*, each for the sum of two hundred dollars, and payable to the order of *James W. Mitchell*, dated at *Baltimore*, 23rd *Nov.* 1829.

$200. *Baltimore*, 23rd *November*, 1829.

On the first day of June 1830, I promise to pay to the order of *James W. Mitchell*, two hundred dollars, for value received.

JAMES D. MITCHELL.

$200. *Baltimore*, 23rd *November*, 1829.

On the first day of October 1830, I promise to pay to the order of *James W. Mitchell*, two hundred dollars, for value received. JAMES D. MITCHELL.

And then proved, that said notes were in the possession of *Joseph T. Mitchell*, the plaintiff's intestate, when he died in September 1830, with the blank endorsement thereon of *James W. Mitchell*, whose hand writing of his name was also proved. The defendant's counsel thereupon insisted, that said blank endorsement conferred no title or interest in said notes to *Joseph T. Mitchell*, the plaintiff's intestate, in his life time, and that the suit could not be sustained in the name of the plaintiff, as the administratrix of said *Joseph T. Mitchell*, to recover the amount of said notes in the present action; but the court permitted the plaintiff's counsel to fill up said blank endorsement, which was done by said counsel, by writing above the name of said *James W. Mitchell*, the following words, "pay to *Joseph T. Mitchell*, or order, for value received," and

the court then gave the opinion, and instructed the jury, that the plaintiff could maintain the present action, and that they must find for the plaintiff, provided they believe the aforesaid evidence contained in the first bill of exceptions, which is made a part of this bill of exceptions on the said two notes, to which opinion of the court and instruction to the jury, the defendant's counsel excepted. The defendants counsel then prayed the opinion of the court, upon the endorsement as actually made and inserted, that *Joseph T. Mitchell*, being dead at the time of said trial, and when the said blank endorsement was so filled up, he could acquire no interest in said notes, and the present plaintiff, as his administratrix, could not recover the amount of the same, under the evidence and pleading in this cause; but the court were of opinion, and so instructed the jury, that upon the whole of the evidence, if believed by them to be true, the said endorsement was sufficient to enable the plaintiff to recover in the present action; to which opinion of the court and their instruction to the jury, the defendant excepted.

THIRD EXCEPTION.—At the trial of this cause, and after the evidence contained in the first bill of exceptions had been given to the jury, which is incorporated and made a part of this bill of exceptions, the defendant by her counsel, prayed the court to instruct the jury, that if they should believe from the evidence contained in said bill of exceptions, that the said *James D. Mitchell*, the defendant's testator, at any time within three years before the commencement of this suit, acknowledged the notes, on which the present suit is brought, to be his notes, and that he was indebted thereon, and that at the same time or during the same conversation in which he made said acknowledgment, he accompanied the same with a declaration, that he would examine his books and papers, and let the witness know whether he had any offsets against said notes or not, and that some time afterwards, the said *James D. Mitchell*, in pursuance of said declaration, did inform the witness that he had offsets against the said notes, and insisted on being allowed said offsets, that then said acknowledgment of said notes and

indebtedness, is not sufficient to defeat the defendants plea of limitations; but that if they should find from the said evidence, that said acknowledgment was made under the circumstances aforesaid, that then they must find a verdict for the defendants upon the pleas of limitations filed in this cause; but the court refused to grant said prayer, and were of opinion, that there was no evidence in the cause upon which said prayer could be granted; to which opinion of the court and their refusal to grant the prayer as asked for, the defendant by her counsel excepted, and prayed the court to sign and seal this bill of exceptions, &c.

The defendant's counsel then prayed the court to instruct the jury, that if they should believe from the evidence contained in the said first bill of exceptions, which is also made a part of this, that the said *Joseph T. Mitchell*, the plaintiff's intestate, was alleged by the said *James D. Mitchell* to have been indebted to him for offsets or otherwise, at the time of the acknowledgment given in evidence as aforesaid, or during the same conversation with the witness in which said acknowledgment was made, and that said *James D. Mitchell*, when he made said acknowledgment was ignorant as to the extent of said alleged indebtedness, that then said acknowledgment is not sufficient to defeat the plea of limitations filed in this cause; but the court also refused to grant said prayer, but were of opinion, that there was no evidence in the cause legally admissible to go to the jury, upon which said prayer could be grounded; to which refusal to grant said prayer, and to the opinion of the court as given, the defendant excepted.

Fourth Exception.—After the evidence had been closed on the part of the plaintiff, the defendant by her counsel then called to the stand and had sworn as a witness, *Richard B. Mitchell*, and proposed to prove to the jury by said witness, the payment to *Joseph T. Mitchell*, in his life time, the intestate of the plaintiff, various sums of money by *James D. Mitchell*, the defendant's testator, in part payment of and on an account of the notes on which the present suit is brought; but the plaintiff's counsel objected to the competency of the

said witness for any such purpose, on the ground that the said witness was one of the defendant's sureties in her testamentary bond, as executrix of said *James D. Mitchell*, and it being admitted that the said witness was one of the said sureties, the court sustained the objection made by the plaintiff's counsel, and refused to permit said evidence so proposed to be offered to be given in evidence to the jury; to which refusal of the court the defendant also excepted.

FIFTH EXCEPTION.—After said trial had progressed and the evidence closed on both sides, but before the cause was submitted to the jury, it came to the knowledge of the defendant's counsel for the first time, that *William L. Brent*, a witness sworn and examined as a witness for the plaintiff, was one of the sureties of the plaintiff in her bond as administratrix of said *Joseph T. Mitchell*, and thereupon the defendant's counsel prayed the court to reject the evidence which had been given to the jury by the said *William L. Brent*, contained in the first bill of exceptions, which is made a part of this, on the ground that the said witness was a surety of the plaintiff in her administration bond, and an incompetent witness for the plaintiff in this cause, which fact was unknown to defendant's counsel at the time he was examined; but the court rejected said prayer, but was of opinion, and so instructed the jury, that the said *William L. Brent*, notwithstanding his said suretyship, was a competent witness for the plaintiff. To which refusal to grant said prayer, and to the opinion of the court as given to the jury, the defendant excepted.

The cause was argued before ARCHER, DORSEY, and CHAMBERS, J.

By T. F. BOWIE and T. S. ALEXANDER for the appellants. WILLIAM L. BRENT for the appellees.

*By the Court.* Judgment affirmed on the four first exceptions, and reversed on the fifth.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.