(Decided 22nd June, 1875.)

---

# HENRY S. CONDON *vs.* BENJAMIN C. PEARCE.

*Right of the Holder of a Note endorsed in Blank, to make it payable to his own order—Evidence—Liability of Endorser to Endorsee on a Promissory note—Not necessary for Endorsee to prove title in Endorser—Estoppel—Practice—Variance on an Immaterial issue—Endorser guarantees Signatures of Maker and previous Endorsers.*

E. H. & Bro. gave their note payable to the order of the F. B. Co. The note was endorsed by M. B., Treasurer, and by H. S. C. It was purchased from a broker, before maturity, by B. C. P., who testified that he bought it on the credit of H. S. C's endorsement, and that he knew nothing of the by-laws of the F. B. Co. Suit was brought by B. C. B. the holder, against H. S C. the endorser. At the trial the words "pay to the order of B. C P." were written immediately over the endorsement of H. S. C. The *narr.* alleged that the note was endorsed by the F. B. Co. and issue was specifically joined by one of the pleas on this allegation. HELD :

1st. That the holder of the note had the right to make the interlineation over the endorsement, and to offer it in evidence to the jury.

2nd. That the endorsee could recover against the endorser without proving that the endorser had derived his title from the payee.

3rd. That the endorser having endorsed the note in his private character, would not be permitted to say that it was his endorsement as President of the Company.

4th. That the issue as to the endorsement by the F. B. Co. was immaterial; and even if the proof showed that the endorsement varied from the allegation in the *narr.* the judgment would not be reversed, there being a proper issue in the case, and the jury having been properly instructed on the law involved in that issue.

The endorsement of a promissory note is a guaranty by the endorser to the endorsee, that the prior endorsements on the note, and the signature of the payor, are genuine and made by parties authorized to pass the title.

APPEAL from the Circuit Court for Cecil County.

This was an action of *assumpsit* on a promissory note, by the appellee, the holder, against the appellant, the last endorser. The *narr.* alleged:

For that Evert Hansen and Brother, on the fifth day of September, in the year eighteen hundred and seventy-one, by their promissory note, now over due, promised to pay to the order of the Cecil Fire Brick Company, four hundred dollars, ninety days after date, at the National Bank of the Republic; and the said Cecil Fire Brick Company endorsed the said note to the defendant, who endorsed the same to the plaintiff; and the said note was duly presented for payment and was dishonored, whereof the defendant had due notice, but did not pay the same. And the plaintiff claims eight hundred dollars.

The note sued on was as follows :

$400.00.          PHILADELPHIA, Sept. 5th, 1871.

Ninety days after date, we promise to pay to the order of the Cecil Fire Brick Co., at the National Bank of the Republic, four hundred dollars, without defalcation, for value received.          EVERT HANSEN & BRO.

(20 cent Revenue Stamp cancelled.)

Endorsed : Marshall Brinton, Treas'r.   Hy. S. Condon.

The note was duly protested, and the endorsers duly notified.

The defendant pleaded :

1st. That he did not undertake or promise in manner, and form, as the plaintiff hath complained against him.

2nd. That he did not endorse the note sued on in this case.

3rd. That the Cecil Fire Brick Company, is an incorporated Company, duly incorporated under the laws of the State of Maryland, and that the said Company did not endorse the note sued on in this case in manner and form as the plaintiff hath declared against him.

Upon these pleas, issues were joined.

*First Exception.*—This exception is set out in the opinion of the Court.

*Second Exception.*—The defendant offered to prove by his own testimony the existence of a by-law, or regulation of the Cecil Fire Brick Company, requiring the signature of both Treasurer and President, to notes given to the Company, in order to pass the Company's title, and to show that Brinton had no authority to endorse notes for the Company, and also testimony tending to show that he, the defendant, intended to endorse said note as President of said Company, and not in his individual capacity, and tending to show that the defendant had no title to said note, and that the title to said note was still in the Company, because his signature as President was not endorsed on the same.

The Court, (WICKES, J.,) on objection by the plaintiff, ruled out this testimony, and the defendant excepted.

*Third Exception.*—The defendant offered to prove by himself, that he had been the custodian of the by-laws of the Company, and that they were lost, and that they contained a provision requiring notes given to the Company to be endorsed by both the President and Treasurer, in order to pass the Company's title therein. And further offered to prove by John Maulden, a competent witness, that the witness had made a copy of the by-laws of the

corporation when it was re-organized and new directors were elected, and that said copy was now in his possession, and that they contained a provision requiring the endorsement of both Treasurer and President, to pass title to notes of the corporation ; and offered to follow it up with proof that the plaintiff knew that Condon was President of the incorporated Company called the Cecil Fire Brick Company, and that the payee in the note sued on was the said corporation, but the Court asked whether the defendant intended to show that the plaintiff knew of the existence of said by-law or regulation, and the defendant answering that he did not, the Court refused to allow the said facts offered to be proved, to be given to the jury. The defendant thereupon excepted.

*Fourth Exception.*—The plaintiff then offered the following prayer : If the jury believe that the note offered in evidence, was made by Evert Hansen and Brother, and that the Cecil Fire Brick Company was, at the time, an incorporated Company, and that Marshall Brinton was Treasurer of said Company, and the defendant, President thereof, and shall believe that Marshall Brinton endorsed said note as such Treasurer, and that the defendant also endorsed it, and delivered it to said Brinton to negotiate for the use of the Company, and that Brinton placed it in the hands of a broker in the City of Wilmington, Delaware, to negotiate or sell ; and shall believe that the plaintiff purchased said note from the broker before it matured, and paid for the same ; and shall believe that said note, when it fell due, was presented for payment at the National Bank of the Republic, and that payment was refused, and that said note was protested for non-payment ; and shall further believe that the plaintiff resided in the City of Wilmington, in Delaware, and that notice of the non-payment and protest of the note was sent to him at Wilmington, and received by him on the 8th December, 1871, and on the same day the plaintiff sent a notice of such

protest and non-payment, by mail, to the defendant directed to Perryville, Cecil County, Maryland, and that Perryville is the post office of the defendant, then the plaintiff is entitled to recover.

And the defendant offered the following prayers:

1. That the plaintiff cannot recover on account of a variance between the allegations of the declaration and the proof.

2. That if the jury believe that the note upon which suit is brought, was made by Evert Hansen and Brother, payable to the order of the Cecil Fire Brick Company, and that said Company is and was, at the time of making said note, an incorporated Company, and that said note was made and delivered to said Company on account of moneys due to said Company from said makers, and that afterwards one Marshall Brinton, the Treasurer of said Company wrote his name on the back of said note, and attached thereto the word Treasurer, and afterwards took said note to the defendant, who was President of said Company, and he wrote his name on the back of said note, and that afterwards the said Brinton took said note to a broker in Wilmington, who sold the same to the plaintiff; that these facts will not make the defendant liable as endorser of said note, unless the jury believe that Brinton had authority from said Company to endorse the notes payable to the Company, so as to convey away the title thereto.

3. That there is no evidence in this cause that Brinton had authority to endorse, so as to convey away the title to notes made payable to the Cecil Fire Brick Company, and under the pleadings, the defendant is entitled to the verdict.

4. That there is no evidence that the plaintiff in this cause, has the legal title to the note sued on.

5. That if the jury believe the facts stated in the defendant's second prayer, the legal title to the note sued

on, is in the Cecil Fire Brick Company, and under the pleadings in this cause, the plaintiff is not entitled to recover.

6. That if the jury believe from the evidence, that Condon never was the owner of the note sued on, and that the title thereto never was in him, and that he placed his name on said note after the making thereof, and after it had been passed to the Cecil Fire Brick Company for value, that then the defendant is not liable in this action, upon the parol evidence offered in this cause.

7. That there is no evidence legally sufficient to entitle the plaintiff to recover in this action.

8: That there is no evidence in this cause that the defendant endorsed the note sued on, in his individual capacity.

The Court granted the prayer of the plaintiff and rejected those of the defendant. The defendant thereupon excepted. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was submitted to BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Albert Constable*, for the appellant.

All that the authorities mean, when speaking of an endorsement admitting the preceding endorsements, is that an endorsement admits the preceding *signatures*. It certainly does not mean that an endorsement admits something not on the paper. The plea in *Sanderson vs. Collman*, 4 *Man. & Gran.*, 209, shows this. The plea there denied the drawing of the bill by D. and W., and the replication which raised the estoppel, alleged that the bill *purported* to be drawn by D. and W. See also Baron PARKE's remark during the argument in *Armani vs. Castrique*, 13 *M. & W.*, 443. We think no case can be produced where it was held to be an estoppel, unless the

payee's *signature* was on the note, either in fact or by what *purported* to be said signature.

In every case to which the appellee refers, the payee's signature was on the note, forged perhaps, but still, what purported to be such signature, was there, and of course any one endorsing under such signature thereby admitted its genuineness.

"Marshall Brinton, Treasurer," does not *purport* to be the signature of the Cecil Fire Brick Company, because if that signature *purported* to be the signature of that Company, Brinton could not be held individually liable. *Fairlie vs. Fenton,* 5 *Exch.,* 169, *(Law Rep.); McClernan & Co. vs. Hall and Loney,* 33 *Md.,* 293.

The other side must make oath *either that the payee has endorsed to Condon, or that Condon is estopped from denying that fact.* It is evidenced that the Company did not endorse to Condon, and they can only, therefore, recur to their estoppel; and to get an estoppel they must show that what purports to be the signature of the Cecil Fire Brick Company, is on the note. The very authorities quoted by the appellee show that Brinton would be liable if he had signed thus a contract containing words in the body of it, sufficient to bind him, and that the mode of signing here adopted, "Marshall Brinton, Treasurer," would not protect him, *It would protect him did it purport to be an official act.* 5 *Exch. (Law Rep.)* 169 ; 33 *Md.,* 293.

The appellee assumes that Condon was a commercial endorser. He is in no such position. The appellee seems to overlook the fact that there is nothing on this note which puts Condon in the position of an endorser. There is nothing which shows that the payee has assigned the "right of action" against the maker, and until that is shown, it is impossible that there can be any liability as a commercial endorser in Condon. The whole class of cases where a party whose name is on the back of a note,

is treated as a maker, shows this. *Ives vs. Bosley*, 35 *Md.*, 262; *Rey vs. Simpson*, 22 *How.*, (*U. S.*,) 341.

The appellee argues the case as if Condon had signed a contract containing words purporting to bind him individually. But this is a promissory note, payable to the order of the Cecil Fire Brick Company. The Cecil Fire Brick Company have never endorsed or professed to endorse it. We deny that Marshall Brinton, Treasurer, means that the Cecil Fire Brick Company has endorsed to Condon.

Pearce's proper remedy is against the Cecil Fire Brick Company, which is a solvent corporation; but admitting for sake of the argument, that Pearce's only remedy is against Condon, still he ought not to recover, as he owes his misfortune entirely to the heedless manner in which he picked up this note without inquiry. The signature of Brinton was incomplete. It did not profess to be the endorsement of the Cecil Fire Brick Company. Pearce saw that it belonged to that corporation. Brinton's signature did not profess to be an official act. *Dutton vs. Marsh*, 6 *Q. B.*, 364, (*Law Rep.*)

The word Treasurer, instead of lulling his confidence, ought to have put him upon inquiry. *Alexander vs Mackensie*, 6 *C. B.*, 766; *Kirk vs. Blurton*, 9 *M. & W.*, 284.

Counsel further relied on the following cases: *Leadbitter vs. Farrow.*, 5 *M & S.*, 345; *Freeman vs. Cook*, 2 *Exchq.*, 654; *Price vs. Taylor*, 5 *H. & N.*, 540; *Denton vs. Peters*, 5 *Q. B.*, 475, (*Law Rep.*)

*W. J. Jones*, and *Clinton McCullough*, for the appellee.

Even if Condon *intended* to endorse the note as President of the Fire Brick Company, which the Court very properly refused to allow the defendant to show, still, having made his endorsement in the manner shown in this case, he has made himself personally liable by said endorsement.

"If an agent sign a note with his own name alone, and there is nothing on the face of the note to show that he was acting as agent, he will be personally liable on the note." 1 *Parsons on Notes and Bills*, 92.

The same authority says: "There may be cases in which an agent would not be personally liable on a bill or note, though there should be nothing in the face of the instrument to indicate the agency." These cases are those in which an agent incurs a debt in behalf of his principal, and draws a bill on the principal in favor of the creditor, for the amount of the indebtedness. In such cases, if the fact be known to the parties, that the agent signed merely as agent, he cannot be held personally liable. But even in such case, if the bill or note be passed to a *bona fide* holder, without notice, this principle will not apply. The agent to such a holder would be personally responsible. *Leadbitter vs. Farrow*, 5 *M. & S.*, 345.

"If a person has authority to draw, accept or endorse a bill for his principal, he should either write the name of his principal or state in writing, that he draws, accepts or endorses as agent, or expressly qualify the act, by stipulating, in writing, that he is not to be personally liable; and if a person draw, accept or endorse in his own name without stating that he acts as agent, he will be personally liable." *Chitty on Bills*, 27; *Chitty on Bills*, 34, (*9th Ed.*;) *Story on Promissory Notes*, *secs.* 65, 67.

But this is an action by an endorsee against his immediate endorser, and the law makes for the endorser, this contract: he guarantees to his endorsee his own title to the note; he guarantees to his endorsee the signature, and *the capacity to endorse* of every prior party; he contracts with his endorsee that everything requisite to transfer the title of the note to him, the endorser, has been regularly and properly done, and as between him and his endorsee, he is estopped from saying anything to the contrary. 2 *Parsons on Notes and Bills*, 25, *and cases there cited*.

Any other rule would make the purchase of commercial paper, where the purchaser relies, as Pearce did in this case, upon the ability of a single endorser, the most dangerous of all transactions; and commercial paper, instead of being a safe and easy medium for the transfer of values, and the adjustment of balances, would become so many traps, not for the unwary alone, but traps which even the most cautious would be unable to avoid. "The endorser engages that he has a good right to transfer the note to the immediate endorsee." *Story on Bills of Exchange, sec.* 111; *Bayley on Bills,* 170; *Chitty on Bills,* 269, 270; *Story on Promissory Notes, secs.* 135, 380; *State Bank vs. Fearing,* 16 *Pick.,* 533.

"Endorsement implies a warranty of the capacity of all prior parties, and this is not affected by the fact that the endorsee may know that one of the prior parties is in fact incompetent." *Bigelow on Estoppel,* 451, (*1st Ed.;*) *Erwin vs. Downs.* 15 *N. Y.,* 575; *Fleckner vs. U. S. Bank,* 8 *Wheaton,* 338, 360; *Tome vs. Parkersburg R. R. Co.,* 39 *Md.,* 36.

The first exception was taken to the action of the Court, allowing the plaintiff to write above the name of Condon, his immediate endorser, the words "pay to the order of Benjamin C. Pearce." The plaintiff may, at the trial, fill up the blank endorsement of the defendant with his own name, and as payable to him, and upon that proof recover. *Whiteford vs. Burckmyer,* 1 *Gill,* 127; *Chesley vs. Taylor,* 3 *Gill,* 251; *Kierstead vs. Rogers,* 6 *H. & J.,* 282; *Mitchell vs. Mitchell,* 11 G. & J., 388; *Boyd vs. McCann,* 10 *Md.,* 118.

But it is claimed that the judgment below should be reversed, notwithstanding the position of the appellee upon the preceding points, may be sustained by the authorities, because the defendant's first and third pleas, traversing the fact of the endorsements, should have been demurred to by the plaintiff. Admitting, for the sake of the

argument, that the plaintiff should have demurred to these pleas, still, in our view of the case, the issue raised by them is an immaterial one, and, in such a case, a Court will not reverse, unless it be apparent that it is necessary to effect substantial justice between the parties. Under the English system of pleading, the remedy adopted in such cases, is for the Court to grant a *"repleader." Stephens on Pleading, pp.* 99, 100 ; *Goodburne vs. Bowman,* 9 *Bing.,* 532.

" If the issue is immaterial, the Court will award a repleader, if it will be the means of effecting substantial justice between the parties, *but not otherwise."* 1 *Chitty on Pleading,* 655. Again, if the plaintiff's neglect or omission to demur to these pleas be a defect in his pleading, it constitutes such a defect as will be cured by the verdict. " Judgment after verdict shall not be stayed or reversed by reason of any mispleading, to which the plaintiff might have demurred, and shown the same for cause, or any other matters of like nature, not being against the right of the matter of the suit, nor whereby the issue or trial is altered." 1 *Chitty on Pleading,* 682.

It has been repeatedly held by this Court, that it will not reverse a judgment, although the Court below may have erred in granting or refusing an instruction, if it appear that the appellant was not injured, but if the Court can see from the whole case, that the party who has the judgment ought to have it by right, it will not disturb the judgment.

GRASON, J., delivered the opinion of the Court.

The record in this case shows that Evert Hansen and Brother, on the fifth day of September, 1871, gave their note at ninety days for four hundred dollars, payable to the order of the Cecil Fire Brick Company, at the National Bank of the Republic. This suit was brought by the appellee, the endorsee of the note, against the appellant,

whose name appears on the back of the note as the last endorser. At the trial, the signatures of the makers, as also of Marshall Brinton, treasurer, and of the appellant, written on the back of the note, were admitted to be genuine. The appellee then proved that Marshall Brinton was the treasurer and financial agent of the Cecil Fire Brick Company, and offered in evidence the charter of the Company, and then wrote at the trial table over the signature of the appellant, the words "pay to the order of Benjamin C. Pearce." He further proved that he lived in Wilmington, Delaware, and bought the note for a valuable consideration before maturity, from a broker of that city. He further proved that he purchased it solely on the credit and strength of the appellant's endorsement; that he knew him to be responsible, but did not know that he was the president of the Company. That he did not know any of the other parties to the note except Brinton, to whom he gave no credit, as he was a man of no means. He further proved that the note was protested for non-payment, and notice duly sent to the appellant, and that he afterwards wrote to the appellant about the payment of the note, who replied that he would see Brinton, and endeavor to make arrangements to pay it. He further proved that he knew nothing of the by-laws of the Company, and then offered to read to the jury the note and endorsements, but the appellant objected to the admissibtlity of so much thereof as had been written over his signature at the trial table. The Court overruled the objection, and permitted the whole of the writing to be read, and this ruling forms the ground of the first exception. Whenever a promissory note is endorsed in blank, the holder has the right to fill up the blank as was done in this case, and when so filled up the whole endorsement is competent evidence. *Whiteford vs. Burckmyer,* 1 *Gill,* 127; *Mitchell vs. Mitchell,* 11 *G. & J.,* 388; *Boyd vs. McCann,* 10 *Md.,* 118.

The second and third exceptions to the Court's ruling upon the evidence, and the fourth exception taken to the

granting of the appellee's prayer, and to the rejection of the appellant's prayers involve the same questions, with the exception of the first prayer, and will be considered together.

The counsel for the appellant has argued with much ingenuity in his brief, that no title to the note could be transferred by the corporation unless the note had been endorsed "Cecil Fire Brick Company by Marshall Brinton, Treasurer, Henry S. Condon, President," or in words of similar import, showing that Brinton and the appellant were acting in their official character as agents of the company. While, in a suit by an endorsee against the maker it is necessary to allege in the *narr*. and prove the manner in which the plaintiff derived his title to the note, yet it is clear that he may recover against his endorser without proving that the endorser had derived his title from the payee. The principle is well settled that an endorsee may recover from his endorser even when the signature to the note or the previous endorsement is forged. It is unnecessary to cite authorities to sustain this proposition. But it was contended that the endorser in this case cannot be held liable because, first, the endorsement by him was intended to be made by him in his official character, *as president* of the corporation and as its agent, and second, because the endorsement by "Marshall Brinton, Treasurer," does not purport to be the endorsement of the Cecil Fire Brick Company. The signature of the appellant purports to be not his endorsement *as president*, but in his private character and capacity, and, having given credit to the note by such an endorsement, he has thereby misled the appellee and induced him to part with his money for the note, and he cannot therefore now be permitted to say that it was his endorsement *as president* of the corporation. The appellee, having no knowledge of the by-laws of the corporation, could not know that its Treasurer had no authority to pass by his endorsement the title to notes given to it. But the appellant's endorsement was a

guaranty to the appellee that the signature to the note was genuine and the endorsements prior to that of the appellant were genuine and made by parties having authority to pass the title. *Lambert vs. Oakes,* 1 *Lord Raymond,* 444; *Critchlow vs. Parry,* 2 *Campb.,* 183; *Lambert vs. Pack,* 1 *Salk.,* 127; *Erwin vs. Downs,* 15 *N. Y. Reps.,* 576; *Bigelow on Estoppel,* 451.

The evidence in the second and third exceptions and the appellant's prayers from the second to the eighth inclusive, were properly rejected.

The appellant's first prayer denies the appellee's right to recover because of an alleged variance between the allegations of the *narr.* and the proof. This variance is said to exist from the fact that the *narr.* alleges that the note was endorsed by the Cecil Fire Brick Company, whereas it appears in proof that it was endorsed by Marshall Brinton, Treasurer, without the endorsement showing that he endorsed as Treasurer of said corporation, and without there being any proof that he had power and authority to endorse for it. As we have before said, the appellant's endorsement was a guaranty that Marshall Brinton, Treasurer, had authority to endorse for the corporation and that his signature was genuine, it was therefore not necessary to prove the endorsement by the corporation or its agents. The issues presented by the first and third pleas were therefore immaterial and ought to have been demurred to. But as the second plea presented a material issue on which the case could be properly tried, and as from an examination of the whole record the appellee is entitled to recover, the judgment will not be reversed because of the immaterial issues presented by the first and third pleas. We think that the appellee's prayer, which was granted, presented the law of the case fairly and correctly to the jury, and therefore the judgment appealed from will be affirmed.

*Judgment affirmed.*

(Decided 22nd June, 1875.)