AUSTIN, TOMLINSON & WEBSTER MANUF'G CO. v. HEISER *et al.*

1. The provisions of the civil , . ,. practice act relating to the change of the place of trial are not applicable to actions brought in the county courts of this state.

2. When, in an action brought in the county courts, the summons is issued against two defendants, but the complaint, when served, only states a cause of action against one of the defendants named, the defendant against whom the cause of action is stated is not entitled to have the action dismissed as to him upon the sole ground that no cause of action is stated against his codefendant.

3. Neither, in such case, is the defendant against whom the cause of action is stated in the complaint entitled to a dismissal of the action against him upon the ground of a variance between the summons and complaint, when both contain the same title.

4. When several causes of action are stated in the complaint, but not separately stated, as required by section 4932, Comp. Laws, a motion to re-

quire the plaintiff to elect upon which cause of action he will proceed to trial cannot be sustained. The remedy in such case is to move at the proper time to make the complaint more definite and certain.

5. A guarantor of a promissory note is estopped from denying the genuineness of the signature of the maker of such note, and, in an action against him upon his guaranty, proof of the due execution of the note by the maker is not required.

6. When a written guaranty contains the recital that the guaranty is made "for value received" such recital is prima facie evidence of a consideration for the guaranty.

7. An attorney, without the consent of his client, cannot be examined as to any communication made by the client to him, or his advice given thereon, in the course of professional employment. Section 5313, subd. 1, Comp. Laws.

(Syllabus by the Court. Opinion filed Dec. 29, 1894.)

Appeal from Minnehaha county court. Hon. E. Parliman, Judge.

Action by Austin, Tomlinson & Webster Manufacturing Company against Frederick Heiser and another on three promissory notes. Judgment was rendered in favor of plaintiff, and defendant Heiser appeals. Affirmed.

The facts are stated in the opinion.

*G. P. Harben,* for appellant.

When the title of the action in the complaint does not correspond with that contained in the summons the complaint is irregular and should be set aside. Allen v. Allen, 14 How. Pr. 248; Bonigton v. Bapham, 14 How. Pr. 360. The title is a part of the complaint but the allegation in the body of the complaint should control the title. Christy v. Libby, 35 How. Pr. 119.

There is no statutory authority for a county court to send its process out of the county. A court has no power to do anything not authorized by law. Withers v. Patterson, 27 Tex. 495; Belcher v. Chambers, 53 Cal. 642. The rule for jurisdiction is that nothing shall be intended to be out of the jurisdiction of a superior court but that which especially appears to be so and nothing shall be intended to be within the jurisdiction of an inferior court but that which is expressly alleged. Pea-

cock v. Bell, 1 Saund. 75; 1 Bacon's Ab. 562; Haywood v. Collins, 60 Ill. 333; Morse v. Presby, 25 N. H. 302, Howes Jur. Sec. 8.   Statutes conferring limited jurisdiction will be strictly construed and their meaning will not be extended by implication.   Foster v. Glazner, 27 Ala. 396; Esten v. Badger, 33 N. H. 237; Emburry v. Gomier, 3 N. Y. 523; Williamson v. Berry, 8 How. 531; Boswell v. Otis, 9 How. 348.

*Joe Kirby* for respondent.

The court will take judicial notice of the population of the counties and the jurisdiction of the respective county courts in the state.   Nelson v. Ladd, 54 N. W. 809; 4 S. D. 1.   Where a guaranty is based on a valuable consideration it is the duty of the guarantor to pay and his liability becomes absolute without notice on default of the maker.   Allen v. Righlmere, 20 Johns' 365; Dashford v. Show, 4 O. St. 263.

CORSON, P. J.   The attorney for the plaintiff issued a summons which reads as follows:   "State of South Dakota, County of Minnehaha.   In County Court.   Austin, Tomlinson and Webster Manufacturing Company, Plaintiff, vs. Frederick Heiser and Ed. Fleming, Defendants.   The State of South Dakota Sends Greeting to the Above-Named Defendants:   You are hereby summoned and required to answer the complaint of the plaintiff in the above-entitled action, which will be filed in the office of the clerk of the county court within and for said Minnehaha county, in the city of Sioux Falls, South Dakota, and to serve a copy of your answer on the subscriber at his office, in the city of Sioux Falls, in said county, South Dakota, within thirty days after service of this summons, exclusive of the day of service, or the plaintiff in this action will take judgment against you for five hundred and seventy-five dollars and —— cents, and fees, besides the costs and disbursements of this action.   Dated at Sioux Falls, South Dakota, this —— of ——, 189—.   Joe Kirby, Plaintiff's Attorney."   This summons was served upon the defendant Heiser in Hutchinson county,—

the county in which he is a resident. Thereafter, within the time allowed by law, the defendant Heiser served notice of retainer as follows: "State of South Dakota, County of Minnehaha. In County Court. [Title of Cause.] Sir: You will please take notice that I have been retained by and appear for Frederick Heiser, one of the defendants in the above-entitled action, and demand a copy of the complaint therein, which may be served on me at my office, in the city of Scotland, the county of Bon Homme, South Dakota." This notice of retainer was signed by Heiser's attorney. Within 20 days, plaintiff's attorney served upon the attorney for said Heiser a copy of the complaint, with the same title as the summons, but in which no cause of action was stated as against the defendant Fleming. The complaint contained several causes of action upon gauranties signed by defendant Heiser, guarantying the payment of three promissory notes set out in the complaint, and included a cause of action against the defendant Heiser for goods, wares, and merchandise alleged to have been sold and delivered to him of the value of $350, and concludes with a demand for judgment against said Heiser for the sum of $575,—the same amount claimed in the summons. Upon the service of a copy of this complaint, the defendant Heiser moved the court for a change of the place of trial to Hutchinson county, upon the usual demand and notice, accompanied by an affidavit of said Heiser showing that he was a resident of said Autchinson county and was served with summons therein.

This motion was denied upon the ground, as stated in the order denying the same, that the county court of said Hutchinson county had no jurisdiction of the amount claimed in the action. We think the motion was properly denied, but we are of the opinion that there is a more satisfactory ground upon which the ruling of the court can be sustained, and that is that the provision of the statute relating to change of the place of trial in civil actions is not applicable to county courts. In Benedict v. Johnson, 57 N. W. 66, this court held that the jurisdic-

tion of county courts over parties was limited as provided in the justice court act. The reasoning in that case would necessarily lead to the conclusion that the provisions of the statute relating to a change of the place of trial could not apply to county courts. If, as we held in that case, county courts only have jurisdiction of actions in which the defendant resides in the county in which the court is held, "except where the action is brought upon a joint contract or obligation of two or more persons who reside in different counties, and the summons has been served upon the defendant resident of the county, or found therein, in which case summons may be served upon the other defendants out of the county" (section 6055, Comp. Laws); then this action, under the facts disclosed by the record, could not have been properly brought in Minnehaha county, and the service of the summons upon the defendant Heiser, in Hutchinson county, did not confer jurisdiction upon the county court, but, the defendant Heiser having appeared generally in the action, the court acquired jurisdiction of his person by such appearance. As was said in the case referred to, "only so much of the Code of Civil Procedure as is applicable will govern in county court proceedings." It is very clear that the provisions of the statute relating to the change of the place of trial can have no application to county courts, and in our opinion they do not apply to them.

A motion was then made by defendant Heiser to dismiss the action upon the ground that the plaintiff had not served a copy of the complaint within the time allowed by law. This motion was made upon the theory that, as the copy of the complaint served did not contain any cause of action as against the defendant Fleming, it was not a copy of the complaint, as indicated by the summons, and therefore not a copy of the complaint demanded. This motion was denied, and we think correctly. The title of the complaint corresponded with the title in the summons, and the fact that no cause of action was stated

therein against the defendant Fleming did not affect the defendant Heiser. He had no ground of complaint so long as it stated a cause of action against him. Mr. Fleming's attorney may have had grounds for a dismissal of the complaint as to him, but Heiser had none.

Heiser then moved the court to set aside the complaint upon the ground that there was a variance between the complaint and the summons, in that it appeared from the summons that Heisler and Fleming were sued jointly, while the causes of action stated in the complaint were against Heiser individually and alone. This motion was denied by the court, and we think properly. The fact that no cause of action was stated as against Fleming could not be taken advantage of by Heiser, and did not constitute a variance. There was nothing in the summons that indicated that Heiser and Fleming were sued jointly, other than the fact that they were both named in the summons as defendants. They were also both named as defendants in the complaint, and we are unable to see how the fact that the complaint failed to state a cause of action as against Fleming could prejudice the defendant Heiser. In Bank v. Kellogg, 56 N. W. 1071, this court discussed very fully the nature of proceedings under our statute where there was more than one defendant.

It may be proper to add that had the attorney for Heiser, after receiving a copy of the complaint, and ascertaining therefrom that there was no joint cause of action against Heiser and Fleming alleged therein, moved the court for leave to withdraw his general appearance, upon the facts as disclosed by the record and affidavit, it would have been the duty of the court to have granted such leave. Upon the general appearance being withdrawn, the defendant Heiser could then have appeared specially for the purpose, and moved the court, upon the facts as disclosed by the record and affidavits, to dismiss the action as to him, and it would have been the duty of the court to so dismiss it.

It is clear from the facts appearing from the record that the defendant Heiser was improperly served with the summons in this case, in Hutchinson county. Such a service is only authorized "where the action is brought upon a joint contract or obligation of two or more persons who reside in different counties, and the summons has been served upon the defendant resident of the county, or found therein." The attempt, therefore, to acquire jurisdiction of the person of the defendant Heiser by serving him with a summons in which he was named with Ed. Flemming, a resident of Minnehaha county, but against whom there was no joint cause of action, is not sanctioned by the statutes, and was clearly irregular. But by reason of the general appearance of Heiser, as before stated, the court acquired jurisdiction of his person; and his failure to withdraw that appearance, after a full knowledge of all the facts, and appear specially, and move the court to dismiss the action as to him, precludes us from reversing the judgment in this case, notwithstanding the service upon Heiser was improperly made, as the motions made do not reach the defect in the proceedings.

Defendant Heiser interposed a demurrer to the complaint. This demurrer was overruled, and we think properly so. The learned counsel for appellant, while not waiving his exception to the overruling of the demurrer, does not discuss the merits of the same, and we therefore pass the assignment without further discussion. Heiser then filed and served an answer, in which he denied each and all of the allegations of the complaint, and set up many of the grounds as a defense to the action that had constituted grounds of his motions. The case being called for trial, and the counsel for plaintiff admitting in open court that he had no evidence to prove the $350 item in the complaint, for goods, etc., sold, the defendant Heiser renewed his motion for a change of the place of trial, which was denied. For the reasons before stated, the court properly denied this motion, and also for the further reason that the motion

could not have been properly granted at that stage of the case, under any circumstances.

Before the commencement of the trial, the counsel for the defendant Heiser moved the court to require the plaintiff to elect upon which cause of action he would proceed to trial, upon the ground that there were several causes of action stated in the complaint, but not stated separately as required by the practice act.   While, possibly, the complaint may be somewhat faulty in this respect, we think the objection of counsel came too late.   Such defect in the complaint can only be taken advantage of by a notice to make the same more definite and certain.   See Pom. Rem. & Rem. Rights, §§ 447, 575, and cases cited.

On the trial, defendant Heiser admitted the signature to the several guaranties upon the notes, and the notes were offered in evidence.   These notes were objected to "for the reason that no proper foundation had been laid for their introduction, and for the further reason that there was no proof that either Frederick Berreth or Christian Deg [the purported makers] ever executed the same."   And the counsel for the defendant further objected to the admission of the guaranties therein upon the ground that there was no evidence of any consideration for the guaranty.   These objections were overruled, and exceptions taken.

There was no merit in the last objection, as the defendant admitted, by the guaranties themselves, that they were made for "value received."   This is *prima facie* sufficient to prove a consideration.   2 Daniel, Neg. Inst. § 1767; Brewster v. Silence, 11 Barb. 144; Douglass v. Howland, 24 Wend. 35; Watson v. McLaren, 26 Wend. 425; Day v. Elmore, 4 Wis. 190.   There is some force, however, in the first objection.   The plaintiff had alleged the execution and delivery of the several notes, and the defendant had interposed a general denial as to each and all of the allegations contained in the complaint.   There is a familiar rule, however, that one who indorses or guaranties a promissory

note guaranties that the prior indorsements and signature of the maker are genuine. Condon v. Pearce, 43 Md. 83; Daniel, Neg. Inst. § 672; Coggill v. Bank, 1 N. Y. 113; Bell v. Dagg, 60 N. Y. 528. Applying the principles of these authorities to this case, it would seem that proof of the genuineness of the signature of the makers to the notes could not be required in an action against the guarantor, for in such action against him he is estopped from denying the genuineness of the maker's signature to the notes guarantied by him. As the signature of the guarantor was admitted, we are of the opinion that the notes were properly admitted in evidence without further proof of their execution.

It is further contended by the learned counsel for the appellant that the court erred in sustaining numerous objections to the questions propounded to the witness Joe Kirby, when on the stand as a witness, called on the part of the defendant. The following illustrates the class of questions propounded to the witness: "State whether at any time, to your knowledge, the Austin, Tomlinson & Webster Manufacturing company had any cause of action against Fred Heiser and Ed. Fleming jointly." This and similar questions were objected to by the attorney for the plaintiff as incompetent, and further for the reason that an attorney cannot be required to disclose any information received from his client in the course of his employment. The witness had stated that he had no knowledge upon the subject, other than that derived from his client in the course of his professional employment. The court sustained the objection to this and like questions, and we think properly. Section 5313 subd. 1, provides that an "an attorney cannot, without the consent of his client, be examined as to any communication made by the client to him or his advice given thereon, in the course of professional employment." The attorney very properly declined to testify as to any matter communicated to him in the course of his professional employment; and had he not so declined, it would have been the duty of the court

to have refused to allow him to testify concerning the matters about which he was interrogated. This and similar questions by the defendant's attorney were clearly improper, and the testimony sought to be elicited by them were clearly privileged, and therefore inadmissible. The relation between a client and his attorney is a confidential one, and public policy requires that professional communications between them should be privileged. An attorney cannot be called upon by opposing counsel to disclose his reasons for his management of the case in a particular way, or for his reasons for not taking certain proceedings in the case he is conducting. These are matters between himself and his client only. Every communication which a client makes to his legal adviser for the purpose of professional aid and advice, and the advice that counsel may give in relation thereto, are privileged. The principle upon which this rule is based is that the intercourse between the client and his attorney should be altogether free from the fear on the part of the client that his secrets may be disclosed to the public. Bacon v. Frisbie, 80 N. Y. 394; Root v. Wright, 84 N. Y. 72.

We have examined all the questions discussed by the counsel for appellant in his brief, and, finding no error in the record, the judgment of the court below is affirmed.