EMOGENE F. HEBBARD, Respondent, v. CHARLES P. HAUGHIAN, et al., Appellants.

An acknowledgment of payment in the consideration clause of a deed does not conclude the grantor.   In an action to recover the purchase price, he may show the actual consideration; that it was not paid, and the time when and manner in which it was to be paid.

The *onus*, however, is upon him of showing these facts, and that defendant was in default at the time of bringing the action, and any evidence

tending to disprove the allegations and proof of plaintiff, is competent under a general denial, although consisting entirely of affirmative proof of a contract different from that alleged by plaintiff.

Accordingly *held*, where in an action to recover the consideration for an assignment of certain letters patent, plaintiff alleged that the consideration was agreed to be paid in one year, while defendant's evidence was to the effect that the consideration was to be paid conditionally, not absolutely ; that a decision of the referee to the effect that the burden of proof was upon plaintiff to show that the agreement was not conditional, but absolute, was correct.

Also, *held*, that plaintiff having alleged in her complaint and given evidence tending to prove a sale upon a credit of one year, could claim no benefit of any presumption of a promise to pay at once which might arise upon mere production of the deed of transfer, and proof that the consideration named had not been paid.

An attorney employed to draw a deed is competent to testify as to the directions received by him from the parties, and as to the transaction between them at the time. Knowledge acquired under such circumstances is not within the class of privileged communications.

Where the testimony of a witness is taken *de bene esse*, an objection to the form of a question asked him should be taken when the deposition is made. Any formal objection not taken before the officer taking the deposition, will be deemed to have been waived.

(Argued May 23, 1877 ; decided June 5, 1877.

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of defendants, entered upon the report of a referee, and granting a new trial.

This action was brought to recover the sum of $10,000, alleged to have been paid, as the consideration for the transfer of certain letters patent.

The complaint alleged, and the plaintiff's evidence tended to show, that, on April 4th, 1872, she sold and assigned to defendants certain letters patent for an invention and certain tools and machinery for the sum of $12,000, which sum was agreed to be paid by defendants as follows: $1,000 at the time of the sale, $1,000 in sixty days and $10,000 in one year therefrom; that the $2,000 were paid, but the residue was unpaid.

Defendants' evidence was to the effect that the agreement was, that the $10,000 was only to be paid out of profits

which should arise out of a corporation which, at the time of the transfer, it was contemplated to organize, and that the corporation was organized, but no such profits in fact accrued.

Plaintiff's husband, under a power of attorney, executed an assignment, under seal, of the letters patent, the consideration therein expressed being the sum of $12,000 "in hand paid, the receipt whereof is hereby acknowledged."

Defendants' counsel offered in evidence another assignment, under seal, executed by Mr. Hebbard, bearing the same date as the first, but executed in July thereafter, in which it was stated that said sum of $10,000 was to be paid "out of the first profits of the business of a certain corporation to be organized" by defendants. This was objected to by plaintiff's counsel, on the ground, among others, that, at the time the paper was executed, it did not appear that Mr. Hebbard was authorized to act for plaintiff. The objection was overruled and said counsel duly excepted. The referee found the facts substantially as claimed by defendants.

The conclusions of law of the referee were as follows:

1. The leading issue of fact upon the trial being, whether under the contract made on or about the 4th day of April, 1872, the defendants promised to pay the said $10,000 absolutely within one year, as claimed by the plaintiff, or whether it was payable out of the profits of the corporation, as claimed by the defendants. I hold and decide that the *onus probandi* was on the plaintiff to establish that said $10,000 was payable absolutely.

2. That to establish this fact it was necessary that the evidence should produce a reliable conviction of its truth; that the proof to support it must be full and satisfactory; that a mere balance or preponderance of evidence, which was not sufficient to produce a reliable conviction, which was not full and satisfactory, was not sufficient to establish it.

3. That the said power of attorney was sufficient for the said Ira A. Hebbard to make the agreement and assignment of July 29th, 1872, irrespective of the question, whether

under the contract of April 4th, 1872, the said $10,000 was payable absolutely or contingently out of profits.

4. The defendants are entitled to judgment against the plaintiff.

Judgment was entered accordingly.

*W. A. Beach*, for the appellants. The *onus* of proving the deed valid and subsisting at the trial rested upon plaintiff. (*Powers* v. *Ware*, 2 Pick., 451; 2 Pars. on Con., 721.)  A subsequently executed subsisting agreement could not at the trial be engrafted on a prior cancelled instrument, the latter being the basis of an action at law.  (47 Mo., 425–431)  Parol proof was competent to explain the clause acknowledging the receipt of the consideration. (*McCrea* v *Peermort*, 16 Wend., 460; *Wadsworth* v. *Alcott*, 6 N. Y., 64–71; *Battle* v. *Roch. City Bk.*, 3 id., 88; *Grierson* v. *Mason*, 60 id., 397.) A general agent has authority to rescind a contract or to modify, limit or enlarge its terms.  (*Anderson* v. *Cooley*, 21 Wend., 278; *Standard Oil Co.* v. *Triumph Ins. Co.*, 6 T. & C., 300–303; 3 Hun, 591; 106 Eng. C. L., 820; *Cornell* v. *Master*, 35 Barb., 158–161; *Am. C. Iron Co.* v. *Eisner*, 7 J. & S., 200; *Jackson* v. *Andrews*, 59 N. Y., 244, 247; *Waring* v. *Smyth*, 2 Barb. Ch., 119–127; *Scott* v. *Wells*, 6 W. & S., 357–368; *Taylor* v. *Nussbaum*, 2 Duer, 309; *Martin* v. *Farnsworth*, 49 N. Y., 558; *Goodrich* v. *Thompson*, 44 id., 324; *Pres't etc.*, v. *Corner*, 37 id., 320;  *Leland* v. *Douglas*, 1 Wend., 490; *Edmunds* v. *Bushnell*, 35 L. J. Q. B., 20; 1 id., 97; Story on Agency, § 73; *N. R. Bk.* v. *Aymar*, 3 Hill, 262.)  Upon the principle of estoppel, plaintiff cannot claim in opposition to her deed.   (*Kent* v. *Harcourt*, 33 Barb., 491–497; *Cramer* v. *Benton*, 64 id., 524.)

*J. S. Garlock*, for the respondent. The referee erred in deciding that the *onus* was on plaintiff to show that the $10,000 was payable absolutely.   (2 E. D. S., 541; 5 N. Y., 41; 1 Starkie on Ev., 452; id., 418; *Hollister* v. *Bender*, 1 Hill, 150; *Sheldon* v. *H. R. R. R. Co.*, 29 Barb., 226; 9 Gray,

390; 1 Greenl. on Ev., § 74; *Heinemann* v. *Heard,* 62 N. Y., 44; Best's Principle of Law of Ev., § 269; *Finch* v. *Parker,* 49 N. Y., 8.) The acts and declarations of the plaintiff's attorney, subsequent to April 4th, 1872, were not *res gestæ,* and not competent to be given in evidence by defendants, or for them to give evidence which tended to vary the terms of the first assignment. (16 Wend., 460; 1 id., 424; 1 Greenl. Ev., 361–321; *Filkins* v. *Whyland,* 24 N. Y., 338; *Blossom* v. *Griffin,* 13 id., 569; *Gridley* v. *Dole,* 4 id., 486; *Sturtevant* v. *Sturtevant,* 20 id., 39; *Halliday* v. *Hart,* 30 id., 479; *Norton* v. *Coons,* 6 id., 33; *Coon* v. *Knap,* 8 id., 402; *Brandon Manuf. Co.* v. *Morse,* 48 Vt.; *Egleston* v. *Knickerbocker,* 6 Barb., 458; Dart on Vendors, 451, and notes; *Houstin* v. *Schindler,* 11 Barb., 36; *White* v. *Parker,* 8 id., 48, 69; *Ensign* v. *Webster,* 1 J. Cas., 145; *Kellogg* v. *Richards,* 14 Wend., 116; 14 J. R., 210; 20 id., 338; 12 id., 529; *Dempsey* v. *Kip,* 61 N. Y., 471; *Thorp* v. *Keokuk Coal Co.,* 48 id., 253; *Thalheimer* v. *Brinckerhoff,* 4 Wend., 394; *Luby* v. *H. R. R. R. Co.,* 17 N. Y., 131; *Anderson* v. *R., W. & O. R. R. Co.,* 54 id., 334; *Budlong* v. *Van Nostrand,* 24 Barb., 25.)

Allen, J. It was incumbent upon the plaintiff to establish by competent evidence a present cause of action against the defendants, an indebtedness due and payable at the time of the commencement of the action. This was not proved by the written assignment and transfer of the patent right made on the 4th of April, 1872. That instrument was not signed by the defendants, contained no obligation on their part, and recited no undertaking by them. It did not purport to, and did not contain any mutual or reciprocal agreements of the parties. It was a deed poll, conveying the franchises under the patent, with all the formalities required by law for a consideration, the money part of which was acknowledged to have been paid. That transfer, whether proved by the deed or by other competent evidence, was a good consideration to support a promise to pay the agreed

price, but did not prove any promise for payment in the future, or that any sum was due or to become due therefor. The plaintiff was not concluded by the acknowledgment of the payment of the consideration money, and either party could show the actual consideration, and the time when and manner in which such consideration was to be paid. To sustain the action, the plaintiff could prove any promise consistent with the averments of her complaint. The only effect of the statement of the consideration and its payment in the deed, was to estop the grantor from alleging that the deed was without consideration. In brief, the consideration clause was open to explanation, and to be varied by parol proof. (*Purmort* v. *McCrea*, 5 Paige, 620; *S. C. in error*, 16 Wend. R., 460; *Shephard* v. *Little*, 14 J. R., 210; *Bowen* v. *Bell*, 20 id., 338; *Bingham* v. *Weiderwax*, 1 Comstk., 509; *Battle* v. *Rochester City Bank*, 3 id., 88.) The *onus* was, therefore, as held by the referee, upon the plaintiff to prove what the actual consideration of the transfer was, and that it had not been paid; she was bound to prove that the defendants had undertaken to pay a sum of money or perform some other act, and that they were in default at the time of the bringing of the action, and any evidence to disprove the allegations, and proof of the plaintiff was competent on the part of the defendants in denial, and not as an affirmative defence. Such proof, although consisting entirely of affirmative proof of a contract different from that alleged, was negative in its character, and admissible under a general denial of the allegations of the complaint, and as showing what the contract as made was, and thus subverting the plaintiff's case.

The plaintiff had the affirmative upon this principal issue during the entire trial, and it was upon her to establish her cause of action by affirmative proof. This she failed to do. She did not claim that the sale was for cash, but insisted that it was upon credit, the moneyed consideration to be paid absolutely within a year. She can therefore take no benefit from any presumption which might arise of a promise to pay at once upon mere production of the deed of transfer,

and proof that the money consideration named had not been paid. Her verified complaint and the testimony of her own witness negative that presumption, and she is left to recover upon the strength of the testimony as to the actual contract and agreement of the parties. The referee has reported, upon evidence fully warranting his conclusions, that there was not any agreement to pay the money now sued for within the year, or at any time absolutely, and that there was no agreement to pay the same, except from the profits that should accrue from the patent. We cannot go behind the report. This finding of fact necessarily defeated the plaintiff, and led to a judgment dismissing her complaint. Although the referee was of the opinion that the husband and agent of the plaintiff was authorized by the power of attorney given in evidence to execute, in behalf of the plaintiff, the second transfer, in July, 1870, such conclusion did not affect the result, as that must have been the same upon the facts, had he come to an opposite conclusion. It is not necessary to determine whether the referee was or was not right in his opinion as to the extent of the power and the validity of the July deed. The evidence and the circumstances tended strongly to prove that the husband was the agent for all purposes, the *alter ego* of the plaintiff throughout all the dealings with the defendants, but whether he was or not we do not consider. His agency in making the contract of April, and to make the sale to the defendants, is not disputed. Upon the merits, there was no cause for a reversal of the judgment of the referee.

It can hardly be expected that we should take up and pass *seriatim* upon each of the more than one hundred and thirty exceptions to the rulings of the referee in the progress of the trial in the admission or exclusion of evidence, and state our conclusions, and the reasons therefor, in writing, especially as the counsel for the plaintiff has not thought it worth his while, in his brief, to call our attention to any as being more especially important or better sustained, for any reason, than the others, but has contented himself by insisting upon each

and every of them by a reference to them in one undistinguished mass, by the folios at which they are found in the appeal book. Many, if not most of them, are frivolous, and the labor has been imposed upon us that should have been performed by counsel, of going through the entire case to ascertain the point of each exception, and whether some may not have been well taken. The counsel would have aided the court by selecting the exceptions upon which he relied, and stating tersely in his brief the grounds of his claim to have them sustained. He did call our attention to some five or six, orally, in the course of his argument.

I have carefully examined the case and every exception taken by the plaintiff upon the trial, and am well satisfied that no error was committed by the referee to the prejudice of the plaintiff in the rulings to which exceptions were taken. The counsel called our attention to some exceptions to the admission of proof of the declarations of the husband and agent of the plaintiff, who was also her principal witness. These declarations were not, perhaps, competent to establish any fact affirmatively against the plaintiff; that is, the plaintiff may not have been bound by them, and I do not understand that they were offered or admitted with that view. They did relate, however, to the matters in controversy, and to facts material to the issue on trial in respect of which the husband had given evidence, and were inconsistent with his statements as a witness, tending to derogate from his credibility. They were competent for this purpose, and properly received. It was not objected that the attention of the witness had not been called to these conflicting and inconsistent statements, so as to lay the foundation for the evidence. The objection that as to some of them the defendants had made the witness their own by asking him in respect to them, and therefore could not contradict him, is not tenable. They were as to matters directly in issue, and not collateral to the issue, and the defendants were not therefore concluded by his statements on cross-examination.

The objection that the attorney by whom the deed of April

4th was prepared could not give evidence of the directions he received from the parties, and of the transaction between them at the time, was not well taken. He testified of facts within his own knowledge, acquired in the transaction of the business between the parties, and they were not communicated to him as an attorney to enable him to perform his duties to a client. Knowledge acquired under such circumstances is not within the class of privileged communications. (*Coveney* v. *Tannahill*, 1 Hill, 33, and cases cited.)

The question to Mr. St. John whether there had been at any time an agreement to pay the $10,000 within one year, was not objectionable in substance. The claim of the plaintiff was that such was the agreement, and whether it was or not was directly in issue. If the question was objectionable as too broad, the objection should have been pointed out, and it should have been taken when the deposition was made. The testimony covered by this objection was taken *de bene esse*, and any formal objection to questions not taken before the officer taking the deposition must be deemed to have been waived. Some of the exceptions to which our attention was particularly called in the oral argument, were to the allowance of questions in response to which the witness did not give evidence, because he had no knowledge of the fact inquired after, or for some other reason. Other exceptions are to questions put on the cross-examination of the plaintiff's husband, and which, on cross-examination to test his credibility and memory, were competent. The cause seems to have been deliberately and carefully tried by the referee, and with liberality to the plaintiff, and I have been unable to discover, in the great number of exceptions taken by the plaintiff, any error.

The order granting a new trial must be reversed, and the judgment on the report of the referee affirmed.

All concur, except RAPALLO, J., absent.

Order reversed and judgment affirmed.