EUNICE L. ROOT, as Executrix, etc., Respondent, *v.* THOMAS R. WRIGHT, Impleaded, etc., Appellant.

A covenant in a deed, absolute on its face but intended simply as a mortgage, by which the grantee assumes and agrees to pay a prior mortgage, is in effect simply an agreement between the parties that the grantee will advance the amount of the prior lien upon security of the land, and gives no right of action against the grantee to the holder of the mortgage, as he is neither a party to the contract nor the one for whose benefit it was made.

Defendant W. was liable as second indorser of a note upon which one F. was primarily liable. F. was also otherwise indebted to W. F. was the owner of certain land upon which C. had a mortgage, and upon which plaintiff had a prior mortgage. C. proposed that W. should take an assignment of his mortgage, and that F. should execute to W. a deed of the land as security for the payment of the sum he should advance to C. and for his liability as indorser; this was assented to by W., and F. and the parties went to the office of an attorney for the purpose of employing him to draw the necessary papers and to consummate the proposed arrangement. A deed of the land was then executed to W., containing a covenant by which he assumed and agreed to pay plaintiff's mortgage. In an action to foreclose said mortgage plaintiff sought to make W. liable for any deficiency, he claiming that the arrangement was changed at the attorney's office, and it was then agreed that F. should convey the land absolutely. To prove this, plaintiff called the attorney, who was permitted to testify, under objection and exception, to the conversation between the parties when the deed was drawn. *Held* error; that the communications so made were privileged.

The rule prohibiting an attorney from disclosing communications made by a client is not confined to communications made in contemplation of or in the progress of an action or judicial proceeding, but extends to those made in reference to any matter which is the proper subject of professional employment.

Where communications are made to an attorney by either of two or more parties in the presence of the others, while employed as their common attorney to give advice as to matters in which they are mutually interested, the said rule prohibits him from testifying to such communications in an action between his clients and a third person.

(Argued January 24, 1881; decided February 8, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made June 26, 1880, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 21 Hun, 344.)

This action was brought to foreclose a mortgage executed by defendant George Foster, to plaintiff's testator. Subsequent to the execution of the mortgage Foster conveyed the premises to defendant Wright, by deed absolute on its face, containing a covenant by which Wright assumed and agreed to pay the mortgage. Plaintiff asked a personal judgment against Wright for any deficiency; Wright contested this liability, claiming that the deed to him was intended simply as a mortgage.

The further facts pertinent to the questions discussed appear sufficiently in the opinion.

*S. N. Dada* for appellant. The referee erred in receiving the testimony of the attorney as to what occurred in his office August 10, 1874, when Foster, Wright and Crosby were present, such communications being privileged. (Code Civil Pro., § 835; *Williams* v. *Fitch*, 18 N. Y. 550; *Bk. of Utica* v. *Mersereau*, 3 Barb. Ch. 595; *Parker* v. *Carter*, 4 Munf. 273; *Whitney* v. *Barney*, 30 N. Y. 330; *Britton* v. *Lorenz*, 45 id. 51; *Yates* v. *Olmstead*, 56 id. 632; *Bacon* v. *Frisbie*, 10 N. Y. Wkly. Dig. 134.) The conveyance to Wright, though an absolute deed in form, being in fact only a mortgage and never having been accepted by defendant Wright with knowledge that it contained the assuming clause, no personal judgment could have been rendered against defendant for any deficiency. (Thomas on Mortgages, 192; 61 N. Y. 471; 22 id. 438, 439; Chan. [2d ed.] 478; 8 Wend. 234; 2 id. 318; *Richard* v. *Saunderson*, 41 N. Y. 179; 46 id. 605; 52 id. 251; 68 id. 499; *Gurnsey* v. *Rogers*, 47 id. 241; *Vrooman* v. *Turner*, 69 id. 280; *King* v. *Whitley*, 10 Paige, 464; *Trim* v. *March*, 54 N. Y. 599.)

*Howe & Rice* for respondent. A mortgagor who is personally liable to the mortgagee for the payment of the debt secured by the mortgage, but who has parted with all his interest in the mortgaged premises, while a proper is not a necessary party to a bill to foreclose the mortgage, even where a mere surety is sought to be held for the deficiency. (*Drury*

v. *Clark,* 16 How. 424; *Bigelow* v. *Bush,* 6 Paige's Ch. 343; *Cherry* v. *Monro,* 2 Barb. Ch. 618, 627; *Gilbert* v. *Averill,* 15 Barb. 20.) The deed from Foster and wife to Wright contained in its assuming clause what was equivalent in law to a covenant on the part of Wright to pay the mortgage debt, due from Foster to Root. (*Russell* v. *Pistor,* 7 N. Y. 171; *Brother* v. *Hughs,* 12 id. 74; *Lawrence* v. *Fox,* 20 id. 268; *Belmont* v. *Coman,* 22 id. 438; *Hartley* v. *Harrison,* 24 id. 170; *Burr* v. *Beers,* 24 id. 178; *Rickard* v. *Sanderson,* 41 id. 179; *Vrooman* v. *Turner,* 69 id. 280; *Comstock* v. *Drohan,* 71 id. 9; *Albany City Savings Institution* v. *Burdick,* 20 Hun, 88.) The referee properly found as matter of fact that there was no mistake in the deed. (*Long* v. *Warren,* 68 N. Y. 426; *Irving Nat. Bk.* v. *Myers,* 21 Alb. L. J. 74; *Moran* v. *McLarty,* 75 N. Y. 25; *Upton* v. *Tribilcock,* 91 U. S. 50; *Alb. Sav. Inst.* v. *Burdick,* 27 N. Y. Sup. Ct. 104.) Under the pleadings the defendant was not in a position to show a mistake in the deed. (6 Wait's Pr. 169–177; *Wells* v. *Yates,* 44 N. Y. 525; *Bryce* v. *Lorillard Fire Ins. Co.,* 55 id. 240; *Bush* v. *Hicks,* 60 id. 298; *Andrews* v. *Gillespie,* 47 id. 487; *Paine* v. *Jones,* 75 id. 593; *Heelas* v. *Slevin,* 53 How. 356.) Evidence of the attorney who drew the conveyance from Foster to Wright was properly received. (*Brandt* v. *Klein,* 17 Johns. 335; *Coventry* v. *Tannahill,* 1 Hill, 33, 36, 40; *Whiting* v. *Barney,* 30 N. Y. 330; *Britton* v. *Lorenz,* 45 id. 51, 57; *Hebberd* v. *Haughain,* 70 id. 54, 61, 62; *Mullford* v. *Muller,* 3 Abb. Ct. of App. Cases, 330.)

ANDREWS, J. The liability of the defendant for the deficiency arising on the sale of the mortgaged premises turned upon the question, whether the deed from Foster was intended as an absolute conveyance, or simply as a mortgage. If it was intended as a security merely, the covenant thereon to assume and pay the plaintiff's mortgage was in effect an agreement between Foster and the defendant that the latter should advance the amount of the prior lien upon the security of the land, and gave no right of action to the plaintiff, who was neither a

party to the contract nor the person for whose benefit it was made. (*Garnsey* v. *Rogers*, 47 N. Y. 241; *Pardee* v. *Treat*, 82 id. 385.) The referee found that the deed was intended as an absolute conveyance, and to establish this view of the transaction, the plaintiff on the trial, called as a witness, the attorney who drew the deed, who was permitted, against the objection of the defendant, to testify to the conversation between Crosby, Foster and the defendant Wright, at his office, when the deed was drawn. The evidence of the attorney (who is also the attorney for the plaintiff in this action) was material upon the point in controversy. The general facts are, that on the morning of the day when the deed was drawn, and before the conversation at the attorney's office, Crosby, Foster and Wright had an interview. Foster was the owner of the land embraced in the plaintiff's mortgage, and the mortgagor. Crosby held a junior mortgage on the same premises, which was due. Wright was liable as second indorser of a note upon which Foster was primarily liable, and Foster was also indebted to him for money advanced. Crosby was urging the payment of his mortgage, and at the interview between Crosby, Foster and Wright, it was proposed by Crosby, that Wright should take an assignment of his mortgage, and that Foster should execute to Wright a deed of the land as security for the payment of the sum he should advance to Crosby, and for his liability as indorser. This proposition was finally assented to by Wright and Foster, and the three persons, by mutual agreement, then went to the office of the attorney to consummate the proposed arrangement. The arrangement, as the attorney testifies, was there changed, and his evidence tends to show that it was agreed that Foster should convey to Wright by an absolute and indefeasible deed, and that Crosby, instead of assigning, should satisfy his mortgage upon payment thereof by Wright. The attorney was contradicted on material points by other witnesses, and the question is, whether the evidence of the attorney in respect to the transaction at his office was admissible.

The referee found that Wright, Foster and Crosby, after making the verbal agreement, went to the law office of the

attorney, for the purpose of employing him professionally to draw the necessary papers to carry out that agreement, and that on the agreement being stated to him, it was changed by his advice. The rule that an attorney cannot disclose communications made to him by his clients is not, as now understood, confined to communications made in contemplation of, or in the progress of an action or judicial proceeding, but extends to communications in reference to all matters which are the proper subject of professional employment. (*Williams* v. *Fitch*, 18 N. Y. 550; *Yates* v. *Olmsted*, 56 id. 632.) The rule prohibiting such disclosure still exists, notwithstanding the change in the law permitting a party to an action to be examined as a witness on his own behalf, or at the instance of the adverse party, and is made a part of the statute law by section 835 of the Code of Civil Procedure. It is not necessary, in this case, to consider the question, whether an attorney, employed as the common attorney of two or more parties to give advice in a matter in which they are mutually interested, can, on a litigation subsequently arising between them, be examined at the instance of one of the parties, as to communications made when he was acting as the attorney for both. (See *Whiting* v. *Barney*, 30 N. Y. 330.) However this may be, we are of opinion that he cannot disclose such communication in a controversy between such parties and a third person. Where parties, having diverse or hostile interests or claims which are the subject of controversy, unite in submitting the matter to a common attorney for his advice, they exhibit, in the strongest manner, their confidence in the attorney consulted. The law should encourage, and not discourage, such efforts for an amicable arrangement of differences, and public policy and the interests of justice are subserved by placing such communications under the seal of professional confidence to the extent at least of protecting them against disclosure by the attorney at the instance of third parties. This position, if not directly adjudicated, is supported by the opinions of judges in several cases. (*Rice* v. *Rice*, 14 B. Monr. 417; *Robson* v. *Kemp*, 4 Esp. 233; *Same* v. *Same*, 5 id. 52; *Strode* v. *Seaton*, 2 Ad.

& El. 171; see, also, opinions of Grover, J., in *Britton* v. *Lorenz*, 45 N. Y. 57; Ingraham, J., in *Whiting* v. *Barney*, 30 id. 342; Smith, J., 38 Barb. 397.)

For the error in admitting the evidence referred to, the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.