ARTAMETTA SHERMAN AND MARY E. PERKINS, RESPONDENTS, v. JOHN SCOTT AND OTHERS, APPELLANTS.

27  331
128a 424
27  331
22ap563
27h    331
168 NY 6225

*Verbal agreement to make a will — specific performance thereof will be compelled when it has been partially performed — An attorney is not interested in an action by reason of his lien for costs — personal transactions with a deceased person may be testified to by him — when, where he acts for both parties, the communications are not privileged.*

A husband and wife entered into an oral agreement by which the husband agreed to procure certain real estate, to be conveyed to her, and she agreed to execute to him a lease thereof for the term of his life, and also to make a will devising the residue to him in case he should survive her, and in case he should not, then to give certain legacies to persons named and devise the residue of the property to others.

The land was conveyed to the wife and she executed the lease as agreed, but never made the will, although she recognized her obligation to do so. The husband survived his wife, and thereafter assigned the cause of action upon the said agreement to one of the persons who was to have received a legacy under the wife's will.

*Held*, that the legatee might maintain an action against the heirs-at-law of the wife to compel the specific performance of the agreement.

The lien for costs which an attorney has upon his client's (the plaintiff's) cause of action does not make him interested in the result, within the meaning of section 829 of the Code of Civil Procedure, so as to prevent him from testifying as to personal transactions had with a deceased person, through whom the defendants claim.

*Semble*, that it would be otherwise if the attorney were to have a certain share of the recovery or to receive nothing unless his clients succeeded.

When an attorney is acting for two clients his communications with them are not privileged in a subsequent litigation arising between the representatives of the said clients.

APPEAL from a judgment in favor of the plaintiffs, entered on a decision of a justice of this court in a case tried at the Monroe Special Term.

*W. S. Oliver*, for the appellants.

*W. C. Rowley*, for the respondents.

SMITH, P. J. :

The trial judge found that in October, 1873, it was agreed by parol, between Henry Babcock and his wife Lovina, who lived together and had no children, that Babcock would cause certain lands owned by him, valued at $4,000, to be conveyed to his wife, and that she would execute to him a lease of the same for the term of his life, and that she would also make a will, and keep it in existence during her life, devising said land to her said husband in case he should survive her; and in case he should die first, giving to the plaintiff Artametta Sherman a legacy of $2,000, to John Scott $300, and to the plaintiff, Mary E. Perkins, the residue of said property; that in pursuance of said agreement Babcock caused said land to be conveyed to his wife, and she executed to him a life lease of the same, but she never made her will as she agreed to do, although she recognized her obligation to do so on several occasions after the making of said agreement, and in February, 1875, she died intestate. Babcock and his wife occupied said land till her death, and after that time Babcock occupied it till he died, in September, 1875. Before his death he made his will, by which, after providing for the payment of his debts and the expenditure of $150 for a monument over his own and his wife's grave, he gave to the plaintiff Artametta Sherman, his niece, a legacy of $2,000, a legacy of $100 to Willie C. Wadsworth, a legacy of $300 to John Scott, and the residue of his property to his sister, the plaintiff, Mary E. Perkins, for life, and then to her heirs. In August, 1875, said Babcock assigned the cause of action under said parol agreement with his wife to the plaintiff Artametta Sherman, with power to prosecute the same for her own benefit, except that out of any recovery thereon she was to carry out the provisions of his said will. The judge held, that as Mrs. Babcock had never performed

the agreement on her part, and performance had been rendered impossible by her death, the deeds by which said land was conveyed from Babcock to her, and also said lease, should be declared null and void, and be vacated and set aside and canceled of record, and that the assignment so made by Babcock to the plaintiff Sherman was in trust for the uses and purposes declared in his said will.

The appellants' counsel contends that the alleged agreement was not proved by evidence of that character and reliability which is required by courts of equity in like cases. We have examined the evidence on that point carefully, in view of the criticisms put upon it by the appellant's counsel, and we are not prepared to say that the learned judge who tried the case, and who had the witnesses before him, has erred in finding that the parol agreement set out by him was in fact made.

It is insisted on the part of the appellants, as it was at the trial, that the agreement, being in parol, is void under the statute of frauds. The answer is that made by the judge at Special Term, that as the agreement was fully performed by the husband, to permit the wife, or the appellants, who are her heirs, to keep the fruits of the agreement, she not having performed on her part, would amount to a gross fraud upon the plaintiffs. A court of equity will not permit the statute, which was designed to prevent frauds, to be used as an instrument for perpetrating a fraud with impunity. (Ryan v. Dow, 34 N. Y., 307, and cases cited.) Upon this point, and also upon the question whether this is one of that class of contracts of which specific performance will be enforced by a court of equity, it is unnecessary to add anything to what is so well said in the opinion delivered by the learned judge at Special Term.

A principal witness on the part of the plaintiffs to prove the parol agreement was Charles E. Yale, the plaintiffs' attorney, and to that end he was permitted to testify to a conversation between himself and Mr. and Mrs. Babcock. This is urged as error, on the ground that he was interested in the event of the action, and therefore was incompetent, under section 829 of the Code, to testify to a conversation with Mrs. Babcock, deceased, through whom the appellants claim, and with her husband, through whom the plaintiffs claim. But it does not appear that he was interested in the result, within the meaning of the section referred to. He had

merely a lien as attorney for his costs on his clients' cause of action, which would attach to the recovery and its proceeds, and that lien was confirmed by an agreement between himself and his clients. But he would be entitled to his costs, let the action result as it might. The circumstance that his clients were poor does not affect the question. If the agreement had been that he should have a certain share of the recovery for his services, or that he should receive nothing unless his clients succeeded, the case would have been different.

It was not error to exclude parol proof of the contents of the written agreement between Yale and his clients. If the agreement rendered him incompetent as a witness (and that was the theory upon which the defendants sought to prove its contents), the proof bore directly upon the issue, and secondary evidence was inadmissible.

Yales' testimony did not relate to privileged communications. (*Whiting* v. *Barney*, 30 N. Y., 342.) The litigation here is between the representatives of the two clients, respectively, with whom he had the communications; not between his clients and a third person, as in *Root* v. *Wright* (84 N. Y., 72), cited by the appellants.

The motion to strike out the testimony of Mr. Chase, on the ground of his incompetency, was properly denied. Without deciding whether the objection was well founded, it is enough to say that it should have been raised before his testimony was given. (*Quin* v. *Lloyd*, 41 N. Y., 351, 355.)

These considerations meet all the exceptions in the case which call for comment, and lead to an affirmance.

HARDIN and HAIGHT, JJ., concurred.

Judgment affirmed, with costs.