MARY F. GULICK

*v.*

WILLIAM GULICK.

A lawyer was employed by the defendant to draw a deed for lands from him to a third party, and one from the third party to defendant's wife, and also a declaration of trust from her to the defendant. The first deed and the declaration of trust were duly executed on the same day, but the second deed was not executed until some time afterwards. The lawyer then advised that a new declaration of trust should be given by the wife, which was done. In a controversy between the husband and his wife over the new declaration of trust, the lawyer was called as a witness by the wife, to testify as to what was said by the parties in those transactions, and objection was made to his testimony on the ground that what was said to him by the husband was privileged.— *Held*, that the objection could not be maintained.

Bill for relief. On final hearing on pleadings and proofs. Motion to admit evidence on the part of complainant, which was ruled out during the progress of the taking of the testimony.

*Mr. J. F. Hageman*, for complainant.

*Mr. G. O. Vanderbilt* and *Mr. J. H. Stewart*, for defendant.

THE CHANCELLOR.

In this case a lawyer was employed by the defendant, to make a transfer of the farm of the latter to the complainant (who is, and then was the defendant's wife), under an arrangement between them. The carrying out of the arrangement involved a conveyance of the farm by the defendant to a third person; the conveyance of the property by that person to the complainant, and the execution by the complainant of a declaration of trust in respect to the property. The conveyance to the third person and the declaration were executed at the same time, but the deed

to the complainant was not signed until afterwards. The complainant, according to the lawyer's testimony, subsequently applied to the latter to have certain dates which were inserted in the declaration to describe the conveyance to her altered, to accord with the date of that deed. The lawyer refused to make the alterations, and suggested the making of a new declaration instead. He says the defendant afterwards called on him with reference to the same subject, and said that the declaration could not be found. Direction was given to the lawyer to draw a new one as nearly like it as possible, and a new one was drawn and signed, but it differed in some respects. The lawyer testifies that the changes were made by the direction or with the consent of the parties. The defendant in his answer attacks the validity of the substituted paper. The lawyer was produced by the complainant to testify as to what was said by the parties in those transactions, and objection was made to his testimony on the ground that what was said to him by the defendant was privileged. During the taking of the testimony the question was brought before one of the vice-chancellors on motion to suppress, who held that the evidence was on that ground, its confidential character, incompetent. The matter now comes up on the final hearing of the cause. I have very carefully examined the testimony to which the objection is made, and am of opinion that the objection cannot be maintained. It is urged on the part of the defendant that whatever was said by him to the lawyer was said in the course of the professional employment of the latter as his adviser in the matters to which his statements related. But the transaction was one in which the complainant was also interested. By the proper conveyances she was to be secured for her separate estate, and though the lawyer to whom she went was the one employed by her husband in the matter, he became hers also in the transaction of that business. It is by no means clear that anything that was said by the defendant to the lawyer should be considered, as between these parties, a privileged communication. The lawyer was employed to draw certain papers to effect an object which the defendant had already resolved upon. When the defendant first went to

the lawyer on the subject he stated to the latter that his health was bad, that he was tired of farming, and that he was troubled by some debts he owed, especially by one of about $200, which he specified, and which he said he did not mean to pay, and proposed to convey his farm to his wife by deed. He further said that she had nothing to show for her separate estate, and he thought he ought therefore to convey the property to her. He requested the lawyer to draw the deed. Nothing was done, however, at that time. The lawyer advised him to consider the matter further, and he went away. After that he came again, and the complainant came also, on the business of the proposed conveyance, and from that time on the lawyer appears to have acted for both. As before stated, the parties proposed to transfer the title of the farm from the husband to the wife, to be held by her on certain trusts. There was at that time no antagonism between them in the matter. The lawyer was, so far as he advised at all, the adviser of both. Indeed, the arrangement was their own, and he was merely employed to draw the papers to effectuate it, and in fact was paid for that service alone. Whatever he did, whether in the original transaction or in the drawing of the substituted declaration, was done for both. There does not appear to be any ground for applying the rule as to confidential communications to the transactions under consideration. In *Warde* v. *Warde, 3 Macn. & G. 365,* it was held that where a husband and wife have distinct interests, and the wife is induced in dealing with those interests to act under the advice of an attorney employed and paid by the husband, the attorney shall be deemed to act as the attorney of both husband and wife, and that each of them has a right to call for the production, and to have full inspection of all documents that may come into the possession of the attorney during such employment, relating to the transactions and to the advice given to the wife. In *Hebbard* v. *Haughian, 70 N. Y. 54,* it was held that an attorney who was employed to draw a deed is competent to testify as to the directions received by him from the parties and as to the transactions between them at the time, and that knowledge acquired under such circumstances is not within the class of privileged communications.

A communication made to counsel by two defendants is not privileged from disclosure in a subsequent suit between the two. *1 Greenl. Ev. § 239, a ; 1 Whart. on Ev. § 587.* In this case it is very plain that, on the issue between the parties as to the validity of the substituted declaration, what was said to the lawyer by the one party or the other, if otherwise competent evidence, ought not to be excluded on the ground that it was a privileged communication. The cause must stand over, to afford an opportunity to the defendant to cross-examine the witness, and to rebut the evidence in question if he desires it.