BARKER, P. J., and BRADLEY, J., concurred; DWIGHT, J., concurred in result.

---

## HURLBURT et al. v. HURLBURT.

*(Supreme Court, General Term, Fifth Department. October 19, 1888.)*

1. WITNESS—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT. ·
    Statements made to a lawyer, while consulting him professionally, by one decedent, in the presence of the other, are not privileged communications; and the attorney may give them in evidence in an action between the administrators of the decedents.[1]

2. GIFTS—INTER VIVOS—EVIDENCE—RELATIONS OF DONOR AND DONEE.
    The declarations of decedent that his son and wife were coming to live with him, and that he should pay them well for it, and that he was much attached to his son's wife and child, are admissible to show that the money in controversy was a gift from deceased to his son.

3. SAME.
    Testimony of the donee's wife that she cared for the donor's wife during her last illness, that she did the work, and was up night and day a good deal of the time, and received no pay, is admissible to prove the gift.

On exceptions from circuit court.

Action by Lyman F. Hurlburt and another, administrators of Charles Hurlburt, deceased, against Ella Hurlburt, administratrix of Theron D. Hurlburt, deceased, for a sum of money placed in the hands of defendant's intestate by plaintiff's intestate, and alleged by defendant to have been a gift. There was a verdict for defendant, and plaintiff moved for a new trial on exceptions, ordered to be heard at the general term in the first instance.

Argued before BARKER, P. J., and HAIGHT and BRADLEY, JJ.

*Charles McLouth* and *John H. Camp*, for plaintiff. *S. W. Sawyer* and *S. B. McIntyre*, for defendant.

HAIGHT, J. This action was brought to recover the sum of $6,682, which it is claimed Charles Hurlburt in his life-time placed in the hands of his son Theron, as his agent, and for his convenience. The defense was that the money was a gift from the father to his son. The evidence taken upon the trial raised a question of fact upon this issue, which was submitted to the jury; and, inasmuch as this motion only brings up for review the exceptions taken, the verdict must be regarded as a final determination of that issue.

It is contended, in the first place, that the testimony of David S. Aldrich, an attorney, was immaterial and privileged. It appears that on one occasion Charles Hurlburt and his son Theron went to Mr. Aldrich, and advised with him as to the manner in which Charles Hurlburt could divide his farm between his sons, as to whether it would be advisable to do it by deed or will. The evidence had but a slight bearing upon the issue, and was not very ma-

---

[1] As to what communications by client to attorney are privileged from being divulged, see Eastman v. Kelly, 1 N. Y. Supp. 866, and note; Griffin v. Griffin, (Ill.) 17 N. E. Rep. 782, and note; Hick's Estate v. Blanchard, (Vt.) 15 Atl. Rep. 401.

terial. We do not, however, regard it as so immaterial as to make the exception to its admission unavailable on the motion for a new trial; for it tended to show, in some measure, the relation existing between Charles Hurlburt and his sons, and to some extent disclose the intention of the father in the disposition of his estate. While the communications which a client makes to his legal adviser, for the purpose of professional aid or advice, are privileged under the provisions of the Code, the joint statements made by the parties, in the presence and hearing of each other, to an attorney, are not privileged. If Charles and Theron were both alive, and Charles was maintaining this action against his son Theron to recover back the money in controversy, he could not exclude the testimony of Aldrich, upon the ground that the statements made to him were confidential, and for the purpose of professional advice, for the reason that the statements were made in the presence and hearing of the other party to the action, and were consequently not confidential or privileged. The fact that these parties are now dead, and that this action is now maintained by their personal representatives, does not change the question as to the admissibility of the evidence. This question has been already twice considered in this court, in the cases of *Sherman* v. *Scott*, 27 Hun, 331–334, and *Rosenburg* v. *Rosenburg*, 40 Hun, 91–100. These cases are in accord with those of *Whiting* v. *Barney*, 30 N. Y. 330; *Hebbard* v. *Haughian*, 70 N. Y. 54; and *Root* v. *Wright*, 84 N. Y. 72–76.

In the second place, it is claimed that it was error to admit the declarations of the plaintiff's intestate as to the disposition that he had made of his money, etc. There were many exceptions taken to this class of evidence, which we shall consider together. It is conceded that the admissions of the plaintiff's intestate are admissible in evidence on behalf of the adverse party, if they are material to the issue, or if the circumstances admitted are of such a character that they would have a just bearing upon the case. The class of evidence objected to were the declarations in reference to the disposition that he wished to make in reference to his farm; that Theron wished it divided evenly between his brothers; that he did not wish to take a deed himself or to wrong his brothers; that Theron and his wife were coming home to live after the death of Charles' wife; that he should pay them well for it; that he applauded Ella, Theron's wife; and stated that he fairly worshipped their little one, his grandchild, etc. It is true that these declarations had but a slight bearing upon the question as to whether he gave his son the money in controversy, but they do tend to show the relation existing between the parties, his feeling towards his son and his family, his intention to pay them for the services rendered, etc., which have a bearing upon the question of whether or not there was a gift. If the father and son had had trouble, and were estranged from each other, so as not to be on speaking terms, can there be any doubt but that these facts could be shown as bearing upon the probability of a gift, and, if so, may not the reverse be proved?

In the third place, exception was taken to the admission of the testimony of the defendant, Ella Hurlburt, to the effect that she took care of her mother-in-law during her sickness, did the work, and was up night and day a good deal of the time, and that she was paid nothing for such service. The only effect of this evidence was to show the obligation that the father was under to his son Theron and his family, and that he had recognized these obligations in the gift that he had made; and, under this theory, we think the evidence was competent. Other exceptions were taken to the admission and rejection of evidence, which we do not deem it necessary to here discuss, as they point to no error.

The charge of the court was severely criticised upon the argument of this motion as being unfair to the plaintiffs. We have, however, examined the exceptions taken thereto, and find none upon which we are willing to hold that there was such an error as to make a new trial necessary. The motion

should therefore be denied, and judgment ordered for the defendant upon the verdict.  So ordered.

BARKER, P. J., and BRADLEY, J., concurred.  DWIGHT, J., not sitting.