MORRIS COHEN, Respondent, v. EUGENE O'BEYER, Appellant.

Supreme Court, Appellate Term, First Department, June 29, 1925.

Motor vehicles — action for damages to automobile arising from collision with automobile driven by defendant's chauffeur — evidence — testimony of defendant and chauffeur that automobile was being driven without defendant's permission met in rebuttal by testimony of two witnesses to contrary — objection of defendant to evidence either on ground of admissibility or failure to lay foundation for attack on credibility of chauffeur does not warrant reversal of judgment — reception of evidence over general objection raised thereto proper unless evidence in its essential nature is incompetent.

The reception of evidence over a general objection raised thereto will not be disturbed unless there be some ground which could not have been obviated if it had been specified or unless the evidence in its essential nature be incompetent.

Accordingly, the general objection of the defendant, in an action for damages to an automobile arising from a collision with another automobile driven by defendant's chauffeur, to testimony of two witnesses offered in rebuttal by the plaintiff to meet defendant's evidence that his car was being driven without his permission, either on the ground of admissibility of the testimony for any purpose or for the failure to lay a foundation for plaintiff's attack on the credibility of defendant's witnesses, does not warrant a reversal of judgment.

MULLAN, J., dissents with opinion.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Sixth District, in favor of plaintiff, entered upon a verdict of a jury.

*F. A. W. Ireland,* for the appellant.

*A. Murray Rosenthal* [*Joseph S. Siegel* of counsel], for the respondent.

BIJUR, J.:

Plaintiff has recovered damages to his car arising out of a collision with defendant's car driven by defendant's chauffeur. Plaintiff relies on the presumption arising from ownership that the defendant's car was being operated in his business. Defendant undertook to prove that the car was being driven by the chauffeur on the latter's business and without defendant's consent. (Highway Law, § 282-e, added by Laws of 1924, chap. 534, as amd. by Laws of 1925, chap. 167.)

After both defendant and the chauffeur had testified that defendant had not given his consent, plaintiff, in rebuttal, called two witnesses who testified to a conversation of the chauffeur with Officer Russell (who was one of the witnesses) in which the chauffeur is alleged to have said that defendant knew he had the car out. The objection to these questions was that the testimony was not binding on the defendant and at the end of the testimony a motion was made to strike it out on the ground that it was irrelevant, immaterial and not binding on the defendant.

I confess that from reading the record and appellant's brief I am not even now clear whether defendant's objection was intended to be that no foundation had been laid for this testimony attacking the credibility of the chauffeur by asking him first whether he had made any such statement to the officer in contradiction of his evidence at the trial under the rule frequently stated and recognized in *Larkin* v. *Nassau Electric R. R. Co.* (205 N. Y. 267), or whether defendant contends that the testimony was inadmissible under all circumstances. It would undoubtedly have been perfectly competent to attack the credibility of the chauffeur had the foundation been laid formally by the suggested question to the chauffeur, and a question was asked on the chauffeur's cross-examination: " Q. You had a talk with the officer? A. I did not have any talk with any officer. He directed me around to the police station." If, therefore, defendant's objection is to the admissibility of the testimony for any purpose it is certainly untenable. If it is based on the absence of the laying of a foundation as above pointed out, I think that it was too general to indicate to the trial court what was in the mind of defendant's counsel, and, therefore, it does not warrant a reversal.

Appellate Term, First Department, June, 1925. [Vol. 125

In *Tooley* v. *Bacon* (70 N. Y. 34, 37) the appropriate rule is stated as follows: " Where there is a general objection to evidence and it is overruled, and the evidence is received, the ruling will not be held erroneous unless there be some ground which could not have been obviated if it had been specified, or unless the evidence in its essential nature be incompetent." It is perfectly clear that in the instant case had the objection been specified the defect could have been corrected by a single question directed to the chauffeur in regard to his statement to the officer particularizing somewhat further the exact nature of the statement claimed to have been made by him to the officer. Moreover, at best the situation presents a mere technical objection the soundness of which in view of the question asked of ·the chauffeur on cross-examination is highly doubtful. And finally no effort or attempt was made to call the chauffeur in surrebuttal.

Under such circumstances I do not think that reversible error was committed, and believe that the judgment should be affirmed, with twenty-five dollars costs.

PROSKAUER, J., concurs; MULLAN, J., dissents in opinion.

MULLAN, J. (dissenting):

I am unable to concur. It was, in effect, conceded that the car was, at the material time, in the purely personal use of defendant's chauffeur. In the face of such a virtual concession, it was incumbent upon plaintiff, in order to make out a case, to show that the defendant had given his chauffeur permission to use the car. The presumption arising from mere ownership (*Ferris* v. *Sterling*, 214 N. Y. 249) would have been overcome by the defendant's wholly unassailable proofs. (*Rose* v. *Balfe*, 223 N. Y. 481.) The virtual concession by plaintiff's counsel, both upon the trial and in his brief here, that the car was not in use upon the business of defendant had, of course, the like effect of destroying the presumption. The plaintiff was required, therefore, in order to go forward and again make out a *prima facie* case, to show affirmatively, by actual proof, that defendant had loaned the car to the chauffeur. After defendant and the chauffeur had both testified that the former had not loaned the car to the latter, the plaintiff put on the two witnesses referred to in the majority opinion, one the plaintiff himself, and the other a police officer, both of whom testified that the chauffeur had said something at the police station which may possibly have warranted the inference that the defendant had given the chauffeur permission to take the car out. Assuming, however, although far from so admitting, that the foundation rule was inapplicable, or that its violation was not

prejudicial, the testimony as to the chauffeur's statement at the police station could not make out a *prima facie* case for plaintiff. Under familiar doctrine, such a statement was not an admission binding upon defendant. At the most, that testimony tended to impeach the testimony of the chauffeur, and render it of small probative value. I am unable to perceive how the possible weakness of the testimony of the chauffeur, as to the defendant's knowledge that the chauffeur had the car out, can be given the effect of affirmatively aiding the plaintiff and serving to supply the deficiency in proof required to establish a *prima facie* showing. Had the chauffeur himself admitted on the witness stand that the defendant had loaned him the car, that testimony would, of course, have been available to plaintiff, and would have supplied the proof he needed. In the realm of pure philosophy it may be that the impeachment of the chauffeur would accomplish a like result. But, under our system of jurisprudence, a plaintiff's claim is made out on proofs made, whether they come from his side or from defendant's side, and it is not made out merely by any *weakness* in part of the defendant's proofs. For the reasons stated, I dissent and vote for dismissal of the complaint.