ROBERT L. JAYCOX, Plaintiff, *v.* SIDNEY S. BUSFIELD, Defendant.

Supreme Court, Delaware County, December 30, 1929.

*Lee, Levine & Verrau,* for the plaintiff.

*Vincent N. Elwood,* for the defendant.

SENN, J. The action is on a promissory note of $400 dated September 25, 1922, made by William J. Harris and J. D. Harris, payable to Sidney S. Busfield, the defendant, at the First National Bank of Hancock, three months from date. The makers of the note were brothers and gave the note to the defendant, an undertaker, for the burial of their deceased father, The defendant discounted the note at the bank before maturity. On January 6, 1923, after maturity, the plaintiff went to the bank, paid the note with accrued interest and had it transferred to himself. He claims he did this intending to hold all who might be liable on it.

The defendant claims that it was the plaintiff's legal duty under his agreement to pay and discharge the note; that on April 17, 1923, William J. Harris, one of the makers of the note in question, in order to secure Jaycox, the plaintiff herein, for paying it, executed and delivered to him a chattel mortgage in the sum of $300, which, with $100 said to be owing from Jaycox to Harris on another transaction, made the amount of the $400 note.

This the plaintiff denied, but on the contrary testified that the chattel mortgage was given to secure him for the sum of $300 then and there loaned by him to Harris, and in support of this claim the plaintiff produced a canceled check for $300 given by him to Harris and dated the same day as the chattel mortgage. This canceled check, indorsed by Harris, taken with the other evidence in the case, would in my opinion have created such a preponderance of evidence in plaintiff's favor as to have left little doubt as to the verdict, except for the testimony of Lewis G. Carpenter, an attorney and counselor at law. He was employed by both Jaycox and Harris to draft the chattel mortgage. He testified that to the best of his recollection it was stated to him at the time,

and when both Jaycox and Harris were present consulting him as attorney, that the mortgage was given to the plaintiff in consideration of his agreement to take up the note at the bank and to secure him for doing so. This testimony was objected to as a confidential communication between attorney and client and privileged and incompetent under section 353 of the Civil Practice Act. The objection was overruled and exception duly taken. A motion to strike out the testimony was denied, with the understanding that should the verdict go against the plaintiff the court would entertain a motion to set the verdict aside.

Had the action been between the original parties to the chattel mortgage, their mutual employment of the attorney would no doubt have been a waiver of the right to object to his testimony and the objection would not have been good, because the common interest and employment forbade concealment by either from the other and neither could have intended that what was said to the attorney with reference to the mortgage was to be kept a secret from the other. (*Wallace* v. *Wallace*, 216 N. Y. 28, 36.)

But the action is between one of the parties to the mortgage and a third party and, therefore, falls within the rule in *Root* v. *Wright* (84 N. Y. 72, 76), and it was error to permit the attorney to testify to the alleged conversation when duly objected to.

Without assailing the rule stated, defendant's attorney insists that the testimony was nevertheless competent on the ground that when Carpenter prepared the chattel mortgage he was acting, not as attorney for Jaycox and William J. Harris, but as executor of John Harris, the deceased father, for whose funeral expense the note was given; that the chattels in the mortgage belonged to the estate, and that as executor he had an interest in seeing that the funeral expenses were paid. This contention is not borne out by the testimony of Mr. Carpenter. It is true he was an executor as stated and as such had a certain control over the chattels of the estate. But he was employed by Jaycox and Harris as attorney to prepare and attend the execution of the mortgage. The fact that he was also an administrator does not alter the facts as to his attorneyship.

I cannot say that the error in admitting his testimony was not prejudicial; indeed, I believe that it had great influence with the jury.

The motion to set aside the verdict and for a new trial must be granted.

Submit order.